■ GEORGE BAKES, Doing Business as BAKES ASSOCIATES, Respondent, v NICK MAVERSON, Doing Business as MAVERICK MOTION GRAPHICS, Appellant.—Order and judgment, Supreme Court, New York County (Beatrice Shainswit, J.), entered May 31, 1989 and June 30, 1989, respectively, which granted plaintiff's motion for partial summary judgment in the amount of $19,194.13, plus interest and costs, unanimously reversed, on the law, and the motion denied, without costs.

Plaintiff brought this action in or about January 1986, to recover monies allegedly due under an oral agreement pursuant to which he leased camera equipment to defendant from June 1982 through the latter part of 1985. The complaint alleged that the terms of the agreement required defendant to pay $1,000 per month, and that he had failed to do so for a period of 31 months. In addition, claims for the alleged illegal use of other equipment were asserted. In all, plaintiff sought to recover a total of $77,500 plus interest and costs. Issue was joined with service of defendant's verified answer on or about July 17, 1986.

In or about May 1988, plaintiff moved for partial summary judgment on the ground that defendant had acknowledged, through his accountant, that he owed plaintiff $19,194.13. In support of this motion, plaintiff annexed a schedule allegedly prepared by defendant's accountant, Herman Gerstman. Defendant opposed the motion and submitted an affidavit from Mr. Gerstman, who denied the authenticity of portions of the schedule which plaintiff claimed he had authored. Relying upon plaintiff's submissions, the IAS part granted him partial summary judgment in the amount of $19,194.13. We reverse.

It is well established that summary judgment should not be

granted where there is any doubt as to the existence of triable issues of fact. *(Rotuba Extruders v Ceppos,* 46 NY2d 223.) The record before us establishes that, in addition to the validity of the schedule submitted in support of plaintiff's motion, there exist material issues of fact with respect to a $10,000 check tendered by defendant to plaintiff. Defendant claims that this check, on which he subsequently stopped payment, was for the purchase of equipment, a transaction which was ultimately not realized. Plaintiff contradicts this and asserts that the stopped check had been intended as partial payment on the claimed rental arrears. Another significant factual dispute centers on plaintiff's contention that the equipment rental rate was $1,000 per month, while defendant claims the amount was $650 per month.

In light of these material and interrelated issues of fact, it was error for the trial court to have granted plaintiff's motion for partial summary judgment. *(Winegrad v New York Univ. Med. Center,* 64 NY2d 851, 853.) Concur—Carro, J. P., Milonas, Asch, Kassal and Rubin, JJ.