■ GEORGE CAENERS, Appellant, v HUNTINGTON CRESCENT CLUB, INC., Respondent, et al., Defendants. [636 NYS2d 816] —In an action to recover damages for breach of an employment contract, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated September 27, 1994, as granted the branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as it is asserted against the Huntington Crescent Club, Inc.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the branch of the motion which is for summary judgment dismissing the complaint insofar as it is asserted against the Huntington Crescent Club, Inc., is denied.

The plaintiff was employed by the Huntington Crescent Club, Inc. (hereinafter the Club), from December 16, 1987, through February 20, 1991, when the Club discharged him. For each of the years 1988, 1989, and 1990, the President of the Club gave the plaintiff a letter outlining the terms of his employment. Although there was no letter agreement for the year 1991, the plaintiff produced the typed minutes of a meeting of the Club's Board of Governors that was held on January 16, 1991. Those minutes show that negotiations had been completed with the plaintiff to continue his employment for an additional year. However, the words "for an additional year" are crossed out.

After the Club discharged him, the plaintiff commenced this action, *inter alia*, to recover damages for breach of his 1991 employment contract. The Supreme Court subsequently granted the defendants' motion, *inter alia*, for summary judgment dismissing the complaint insofar as it is asserted against the Club. The court held that, since the parties had no written agreement, the plaintiff was foreclosed, by reason of General Obligations Law § 5-701, from asserting that he had an employment contract for the year 1991. Additionally, the court held

that, since the parties had no written agreement, the plaintiff was an at-will employee and, therefore, could be discharged by the Club at any time. The plaintiff appeals, and we reverse.

Upon reviewing the record, we conclude that there are triable questions of fact that preclude the granting of summary judgment (see, Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). In an affidavit in opposition to the defendants' motion, the plaintiff claimed that he had entered into an oral employment agreement with the Club's President on December 31, 1990, for an additional period that was to end on December 16, 1991. Accordingly, since the term of the alleged oral contract was for less than one year, General Obligations Law § 5-701 would not be applicable. Additionally, the minutes of the Club's January 16, 1991, Board of Governors meeting support the conclusion that some kind of agreement had been reached. Therefore, there are questions of fact concerning the existence and the terms of the alleged oral employment agreement that warrant the denial of summary judgment. Bracken, J. P., O'Brien, Ritter, Friedmann and Goldstein, JJ., concur.