■ CHARALAMBOS PAKKOU, Respondent, v PERGAMENT HOME CENTER, INC., Appellant. [702 NYS2d 59] —Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about May 10, 1999, which denied the motion of defendant Pergament Home Center, Inc. for summary judgment dismissing the complaint, unanimously affirmed, with costs.

Plaintiff was injured when, in attempting to take down a bottle of muriatic acid from a high shelf at defendant's store, the contents of the bottle, which unbeknownst to plaintiff was not securely capped, spilled on him. Summary judgment dismissing plaintiff's consequent negligence action was properly denied since Pergament did not meet its burden, as movant, of tendering sufficient competent proof to establish a prima facie entitlement to judgment in its favor as a matter of law, in that there was a lack of proof on such matters as when the product was stocked, whether the packaging was inspected, whether any store guidelines existed to regulate the stocking of acid in the store, and whether such guidelines, if any, were followed (*see, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853).

Pergament also failed to submit in support of its motion evidence by one having personal knowledge of the stocking of the subject container. Instead, it relied solely on the testimony of its area manager, who was unable to identify the person who had stocked the subject container on the shelf from which it fell. Plainly, such testimony was insufficient to eliminate factual questions as to whether Pergament through its employees created or had actual or constructive notice of the hazard posed by the presence of an insecurely capped bottle of acid on

a high customer display shelf. Concur—Tom, J. P., Ellerin, Rubin, Andrias and Buckley, JJ.