■ JAMES DIMAURO, Respondent, v WORCESTER INSURANCE COMPANY, Appellant. [720 NYS2d 353] —In an action to recover the proceeds of an insurance policy for the theft of an automobile, the defendant appeals from (1) an order of the Supreme Court, Suffolk County (Doyle, J.), entered October 1, 1999, which granted the plaintiff's motion for summary judgment, and (2) a judgment of the same court, entered November 22, 1999, which is in favor of the plaintiff and against it in the principal sum of $58,550.50.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are

brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The plaintiff established his entitlement to judgment as a matter of law in the amount of $58,550.50, thereby shifting the burden to the defendant to submit admissible evidence establishing a triable issue of fact (*see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853). In opposition to the plaintiff's motion, the defendant failed to come forward with evidence sufficient to raise a triable issue of fact with respect to its defense of fraud. Moreover, the documents submitted by the defendant confirmed the accuracy of the plaintiff's valuation of the vehicle at the time of loss. Therefore, summary judgment was properly granted to the plaintiff (*see, Winegrad v New York Univ. Med. Ctr., supra*). Bracken, Acting P. J., Altman, Goldstein and McGinity, JJ., concur.