■ CIRCLE AMBULETTE CORP., Respondent, et al., Plaintiff, v ALLSTATE INSURANCE COMPANY, Appellant. [745 NYS2d 711] —In an action, inter alia, to recover damages for breach of an insurance policy, the defendant appeals from so much of (1) an order of the Supreme Court, Westchester County (Colabella, J.), entered May 1, 2001, as denied that branch of its motion which was for summary judgment dismissing the first cause of action alleging breach of contract to the extent that it was asserted by the plaintiff Circle Ambulette Corp. and granted that branch of the cross motion of the plaintiff Circle Ambulette Corp. which was for summary judgment on the issue of liability with respect to the first cause of action alleging breach of contract, and (2) a judgment of the same court, dated August 30, 2001, which is in favor of the plaintiff Circle Ambulette Corp. and against it in the principal sum of $31,013.50.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff Circle Ambulette Corp.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff Circle Ambulette Corp. (hereinafter Circle) established its entitlement to judgment as a matter of law, thereby shifting the burden to the defendant to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851). The defendant failed to come forward with evidence sufficient to raise a triable issue of fact as to whether Circle's claim of loss by theft was fraudulent (*see Winegrad v New York Univ. Med. Ctr., supra*; *DiMauro v Worcester Ins. Co.,* 279 AD2d 500). Ritter, J.P., Feuerstein, Smith and Adams, JJ., concur.