■ PRIMUS AUTOMOTIVE FINANCIAL SERVICES, INC., Respondent, v HYE J. LEE et al., Appellants. [811 NYS2d 740]—In an action pursuant to Debtor and Creditor Law article 10 to set aside various transfers of funds as fraudulent, the defendants appeal from a judgment of the Supreme Court, Nassau County (Peck, J.), dated October 20, 2004, which, upon an order of the same court entered September 27, 2004, granting the plaintiff's motion for summary judgment on its causes of action to set aside the transfers as fraudulent under Debtor and Creditor Law § 273 and denying their cross motion to compel discovery, is in

favor of the plaintiff and against the defendant Hye J. Lee in the total sum of $127,808.12, and against the defendant Alexander Ham in the total sum of $107,465.

Ordered that the judgment is reversed, on the law, with costs, the order entered September 27, 2004, is vacated, the motion for summary judgment is denied, and the cross motion is granted.

The plaintiff, a judgment creditor, alleged that the judgment debtor, Andrew Ham, fraudulently conveyed funds to the defendants so as to avoid his obligations to the plaintiff. The transfers to the defendants were made prior to commencement of the lawsuit leading to the entry of the underlying judgment.

The defendants alleged that Hye J. Lee was the "domestic companion" of Andrew Ham and was responsible for caring for his son, the defendant Alexander Ham. They further asserted that all the money conveyed to them by the judgment debtor was deposited into two checking accounts and used to pay household expenses, including expenses relating to Alexander Ham's care.

Contrary to the Supreme Court's determination, we hold that the plaintiff did not satisfy its prima facie burden of demonstrating its entitlement to judgment as a matter of law, and accordingly, the burden of proof did not shift to the defendants to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).

Moreover, the cross motion to compel discovery was erroneously denied as the discovery sought by the defendants was material and necessary in the defense of the action (see CPLR 3101). Schmidt, J.P., Krausman, Luciano and Covello, JJ., concur.