■ SHELLEY WALN, Appellant, v MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., Respondent, et al., Defendants. [836 NYS2d 431]—In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Rudolph, J.), as granted that branch of the motion of the defendant Merrill Lynch, Pierce, Fenner & Smith, Inc., which was for summary judgment dismissing the cause of action alleging breach of contract insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Merrill Lynch, Pierce, Fenner & Smith, Inc., which was for summary judgment dismissing the cause of action alleging breach of contract insofar as asserted against it is denied.

The Supreme Court erred in granting that branch of the motion of the defendant Merrill Lynch, Pierce, Fenner & Smith, Inc. (hereinafter Merrill Lynch), which was for summary judgment dismissing the cause of action alleging breach of contract insofar as asserted against it. Merrill Lynch merely joined the summary judgment motion of a codefendant in the action, without making any of its own independent arguments in support of its motion. Since the grounds asserted by the moving codefendant for summary judgment on the breach of contract cause of action were wholly inapplicable to Merrill Lynch, it is clear that Merrill Lynch failed to make a prima facie showing of

entitlement to summary judgment dismissing the breach of contract cause of action insofar as asserted against it (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Crane, J.P., Krausman, Fisher and Lifson, JJ., concur.