■ SHMUEL MERMELSTEIN, Appellant, v ABLE BUS, INC., et al., Respondents, et al., Defendants. [891 NYS2d 657]—

A vehicle operated by the defendant Jorge M. Vega and owned by the defendant Able Bus, Inc. (hereinafter Able), collided with a vehicle owned and operated by the plaintiff at the intersection of Avenue J and East 3rd Street in Brooklyn. The defendant driver was traveling on East 3rd Street, which is governed by a stop sign at its intersection with Avenue J. The plaintiff was traveling on Avenue J, which is not governed by a traffic control signal at its intersection with East 3rd Street.

The plaintiff failed to submit evidence sufficient to establish his entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). Although the defendant driver's direction of travel was governed by a stop sign, a triable issue of fact exists as to whether the plaintiff was free from negligence (*see Virzi v Fraser,* 51 AD3d 784 [2008]; *Campbell-Lopez v Cruz,* 31 AD3d 475 [2006]; *Hernandez v Bestway Beer & Soda Distrib.,* 301 AD2d 381 [2003]). Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability against Able and the defendant driver. Santucci, J.P., Balkin, Eng and Chambers, JJ., concur.