■ TAC Air Co., Appellant, v New York University Hospital for Joint Diseases, Respondent. [998 NYS2d 179]—

Order, Supreme Court, New York County (Donna M. Mills, J.), entered August 8, 2013, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The complaint alleges a breach by defendant of a service agreement, dated April 21, 2006, which was a purchase order (PO) covering the last three years of a four-year contract that had begun in 2005 with the execution of a purchase requisition (together, the four-year agreement). The 2006 contract, changing the contract number to J176324, was necessitated by defendant's installation of new software.

Defendant demonstrated its prima facie entitlement to judgment as a matter of law by submitting the four-year agreement, and proof of full payment of the agreement, including invoices and cancelled checks (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Plaintiff's president, Raymond Chouinard, failed to raise a triable issue of fact by his conclusory denial of payment. Moreover, none of the evidence submitted in opposition to the motion raised any reasonable inference that plaintiff had performed work outside the contract, which, in any event, would contradict the complaint, as well as the disputed invoices, each of which expressly referred to PO No. J176324. Plaintiff's assertion of a separate oral agreement is improperly raised for the first time on appeal (*see Matter of Birnbaum v Ford Motor Co.*, 182 AD2d 524 [1st Dept 1992]), and, in any event, none of the evidence supports any such oral agreement. At most, Chouinard testified that he requested that defendant let him use certain new products on one Air Handling Unit (AHU), to demonstrate what they could do, in an attempt to solicit additional work. Other than that one AHU, he could not point to any additional work performed, and he never testified that defendant ever agreed to pay for even this one demonstration. Defendant expressly averred below that it had never agreed to renew the original four-year contract, nor did it agree to otherwise engage plaintiff to continue performing additional work. Plaintiff never denied this. Under these circumstances,

the court properly granted defendant's motion for summary judgment. Concur—Friedman, J.P., Acosta, Moskowitz, Richter and Clark, JJ.