■ MARIA CARDINO, Appellant, v J.P. MORGAN CHASE BANK, N.A., et al., Respondents, et al., Defendant. [41 NYS3d 264]—

In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Emerson, J.), dated August 7, 2014, which granted the motion of the defendants J.P. Morgan Chase Bank, N.A., and J.P. Morgan Chase & Co., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendants J.P. Morgan Chase Bank, N.A., and J.P. Morgan Chase & Co., for summary judgment dismissing the complaint insofar as asserted against them is denied.

The plaintiff commenced this action against, among others, the defendants J.P. Morgan Chase Bank, N.A., and J.P. Morgan Chase & Co. (hereinafter together Chase), alleging that Chase breached its contract with her by permitting unauthorized transfers of funds from certain accounts she held with Chase. Chase moved for summary judgment dismissing the complaint insofar as asserted against it, contending that the plaintiff failed to timely comply with its account rules and regulations. According to Chase, pursuant to its account rules and regulations, the plaintiff was required to notify Chase in writing of any unauthorized item or error appearing on her statement "within 30 days of the date on which the unauthorized item, or the Account statement that contained a description of the unauthorized item or error, was mailed" to her. The Supreme Court granted Chase's motion. We reverse.

Contrary to the Supreme Court's determination, Chase failed to make a prima facie showing of entitlement to judgment as a matter of law by tendering sufficient evidence to eliminate any triable issues of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Under the circumstances of this case, triable issues of fact exist, inter alia, as to whether the plaintiff was, in fact, bound by the account rules and regulations relied upon by Chase (cf. Clemente Bros. Contr. Corp. v Hafner-Milazzo, 23 NY3d 277, 289 [2014]), and, if so, whether a separate provision contained therein, which relates specifically to electronic funds transfer services, controls. Accordingly, Chase's motion should have been denied, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853). Rivera, J.P., Austin, Hinds-Radix and Maltese, JJ., concur.