In an action to foreclose a mortgage, the defendants Ira Shapiro, also known as Ira J. Shapiro, and Heather Shapiro appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Kelly, J.), dated August 12, 2015, as granted the plaintiff’s motion, in effect, for summary judgment on the amended complaint insofar as asserted against them and denied their cross motion, in effect, for summary judgment dismissing the amended complaint insofar as asserted against them.
 

 Ordered that the order is reversed insofar as appealed from, on the law, with costs, the plaintiff’s motion, in effect, for summary judgment on the amended complaint insofar as asserted against the defendants Ira Shapiro, also known as Ira J. Shapiro, and Heather Shapiro is denied, and the cross motion of those defendants, in effect, for summary judgment dismissing the amended complaint insofar as asserted against them is granted.
 

 The defendants Ira Shapiro, also known as Ira J. Shapiro, and Heather Shapiro (hereinafter together the defendants), among others, were involved in financing the construction of a condominium building near Madison Square Park in Manhattan. When they ran out of money to finish the project, four limited liability companies (hereinafter the LLCs) and the defendants (hereinafter collectively the borrowers), borrowed $4.5 million from the plaintiff pursuant to a promissory note that was secured by, among other things, a mortgage on the defendants’ home. The promissory note was scheduled to mature on November 30, 2009. The plaintiff also entered into an agreement to purchase (hereinafter the purchase agreement) one of the units in the condominium building (hereinafter the condominium unit) from the LLCs and Park Madison Associates, LLC (hereinafter Park Madison), for $5 million, with a down payment of $500,000. A rider to the purchase agreement provided that “in lieu of paying such $4,500,000 balance, [the plaintiff] may apply on a dollar-for-dollar basis all or any portion of the Debt due to [the plaintiff] under the Promissory Note (with the Debt being reduced by each dollar so applied).”
 

 When the borrowers could not repay the plaintiff by the maturity date of the promissory note, the parties entered into a modification agreement, pursuant to which the LLCs executed and delivered to the plaintiff the deed to the condominium unit, which was subject to a senior lien. The plaintiff agreed to withhold recording the deed until April 30, 2010, in order to give the borrowers time to negotiate with the senior lender.
 

 The plaintiff, however, recorded the deed on January 15, 2010, causing the senior lender to terminate negotiations with the borrowers and leaving the borrowers without the opportunity to repay the senior lender or the plaintiff. The plaintiff, as it was permitted to do in the purchase agreement, applied the debt the borrowers owed it toward the $4,500,000 balance due on its purchase of the condominium unit.
 

 Nonetheless, in 2013 the plaintiff commenced this action to foreclose on the defendants’ home and moved, in effect, for summary judgment on the complaint insofar as asserted against the defendants. The defendants opposed the motion and cross-moved, in effect, for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court, inter alia, granted the plaintiff’s motion and denied the defendants’ cross motion. The defendants appeal.
 

 In support of its motion, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law. Contrary to the plaintiff’s contention, the modification agreement was not breached by the execution and delivery of a deed that was subject to a senior lien. The language of the modification agreement repeatedly acknowledged the existence of the senior lien and provided for its continuance. Moreover, it was the plaintiff that breached the modification agreement by prematurely recording the deed in violation of one of its specific clauses. “[A] promisee may not recover for a broken promise unless he [or she] has performed his [or her] obligations . . . under the contract” (Unloading Corp. v State of New York, 132 AD2d 543, 543 [1987] [internal quotation marks omitted]). Thus, the Supreme Court should have denied the plaintiff’s motion regardless of the sufficiency of the defendants’ opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
 

 However, the Supreme Court should have granted the defendants’ cross motion, in effect, for summary judgment dismissing the complaint. In support of the cross motion, the defendants demonstrated their prima facie entitlement to judgment as a matter of law by submitting evidence which included a transcript of a court proceeding in another action. In that action, the plaintiff asserted, by counsel, that it had paid the “full price” of $5 million for the condominium unit and was therefore a bona fide purchaser for value of the condominium unit. This demonstrated that the plaintiff satisfied the borrowers’ debt by applying the amount owed by the defendants to-, ward its purchase of the condominium unit. In opposition, the plaintiff failed to raise a triable issue of fact.
 

 Accordingly, the Supreme Court erred in granting the plaintiff’s motion and denying the defendants’ cross motion.
 

 In light of our determination, we need not reach the defendants’ remaining contentions.
 

 Eng, P.J., Roman, Miller and Christopher, JJ., concur.