Zyla v Interboro Mut. Indem. Ins. Co. (2018 NY Slip Op 01954)





Zyla v Interboro Mut. Indem. Ins. Co.


2018 NY Slip Op 01954


Decided on March 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2015-10986
 (Index No. 14021/09)

[*1]Maria Zyla, appellant, 
v
Interboro Mutual Indemnity Insurance Company, respondent, et al., defendants.


Garth A. Molander, Bohemia, NY, for appellant.
Picciano & Scahill, P.C., Westbury, NY (Francis J. Scahill and Andrea E. Ferrucci of counsel), for respondent.



DECISION & ORDER
Appeal from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), entered September 23, 2015. The order, insofar as appealed from, granted that branch of the motion of the defendant Interboro Mutual Indemnity Insurance Company which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Interboro Mutual Indemnity Insurance Company which was for summary judgment dismissing the complaint insofar as asserted against it is denied.
In support of that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it, the defendant Interboro Mutual Indemnity Insurance Company (hereinafter Interboro) established its prima facie entitlement to judgment as a matter of law. However, in opposition, the plaintiff raised a triable issue of fact. Accordingly, the Supreme Court erred in granting that branch of Interboro's motion which was for summary judgment dismissing the complaint insofar as asserted against it (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
RIVERA, J.P., AUSTIN, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court