Ifill-Colon v 153 E. 149th Realty Corp. (2018 NY Slip Op 02888)





Ifill-Colon v 153 E. 149th Realty Corp.


2018 NY Slip Op 02888


Decided on April 26, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2018

Renwick, J.P., Manzanet-Daniels, Tom, Andrias, Oing, JJ.


6376 300356/13

[*1]Joy Ifill-Colon, et al., Plaintiffs-Appellants-Respondents,
v
153 E. 149th Realty Corp., Defendant, Baychester Payment Center, LLC, et al., Defendants-Respondents-Appellants.


Parker Waichman LLP, Port Washington (Jay L.T. Breakstone of counsel), for appellants-respondents.
Litchfield Cavo LLP, New York (David Lafarga of counsel), for respondents-appellants.



Order, Supreme Court, Bronx County (Sharon A.M. Aarons, J.), entered September 17, 2015, which, to the extent appealed from as limited by the briefs, granted defendants' respective motions for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motions for summary judgment denied. Appeal from so much of the same order as granted defendant 153 E. 149th Realty Corp.'s motion for contractual indemnification from defendants Baychester Payment Center, LLC and Wink Check Cashing Corp., unanimously dismissed, without costs, as abandoned.
Defendants never met their burden to show that the subject stairway defect was trivial as a matter of law, because the photographs relied upon by their expert indicate that the defect was repaired post-accident. The expert affidavit of professional engineer Stan S. Pitera submitted by defendants Baychester Payment Center, LLC and Wink Check Cashing Corp. does not aver that the crack at issue was unchanged between the time of the accident, October 11, 2013, and his May 20, 2015 inspection, nor does Pitera explain why the photographs authenticated by plaintiff as fairly and accurately depicting the accident location show a stairway with five steps and a crack with a hole around the bottom step's handrail. The other photographs in the record show a stairway with six steps and a crack that appears filled-in with no hole around the handrail for the second to last step. Since defendants failed to meet their initial burden as the movants by establishing the width, depth and elevation of the crack when the accident happened, it is not necessary to review the sufficiency of plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr. , 64 NY2d 851, 853 [1985]).
Lastly, defendants Baychester Payment Center, LLC's and Wink Check Cashing Corp.'s appeal of the determination awarding 153 E. 149th Street Realty judgment on its claim for [*2]contractual indemnity and for defense costs incurred in the action is dismissed as abandoned, as they raise no challenge to that determination on appeal (see Richbell Info. Servs. v Jupiter Partners , 309 AD2d 288, 308 [1st Dept 2003]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 26, 2018
CLERK