A & L Vil. Mkt., Inc. v 344 Vil., Inc. (2019 NY Slip Op 02303)





A & L Vil. Mkt., Inc. v 344 Vil., Inc.


2019 NY Slip Op 02303


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2016-04483
2017-10285
 (Index No. 7722/11)

[*1]A & L Village Market, Inc., respondent,
v
344 Village, Inc., et al., defendants, Bell-Rex Associates, LLC, appellant.


Moss & Kalish, PLLC, New York, NY (Mark L. Kalish of counsel), for appellant.
Andrew J. Levitt, P.C., Melville, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant Bell-Rex Associates, LLC, appeals from two orders of the Supreme Court, Nassau County (James P. McCormack, J.), entered March 22, 2016, and August 30, 2017, respectively. The order entered March 22, 2016, denied that defendant's motion for summary judgment dismissing the amended complaint insofar as asserted against it. The order entered August 30, 2017, denied that defendant's motion for leave to renew its prior motion.
ORDERED that the orders are affirmed, with one bill of costs.
The plaintiff operated a supermarket located at 344 Hempstead Avenue in Malverne pursuant to a lease agreement with the defendant Bell-Rex Associates, LLC (hereinafter Bell-Rex). On July 16, 2009, the plaintiff entered into an agreement with the defendant 344 Village, Inc., as buyer (hereinafter the buyer), and the defendant Juan F. Perez, as guarantor, pursuant to which the plaintiff sold its supermarket business to the buyer for the sum of $800,000. To satisfy the purchase price, the buyer executed a promissory note in favor of the plaintiff in the amount of $500,000, and was to pay the balance at closing. The plaintiff and the buyer also executed a security agreement granting the plaintiff a security interest in certain equipment listed in the "Schedule" set forth therein. The buyer executed a second promissory note in favor of the plaintiff in the amount of $200,000, with respect to its purchase of the plaintiff's "dairy, frozen food, meat and produce inventory."
At the time of the sale, the buyer, the plaintiff, and Bell-Rex executed an "Assignment of Lease Escrow Agreement" dated July 16, 2009, which provided, inter alia, that "[i]n the event of any default by Buyer in the payment of any monies due to [the plaintiff] pursuant to the various agreements executed by Buyer in connection with the sale, . . . [the plaintiff] shall be entitled to possession of the subject [supermarket], subject to any and all lease agreements then in place, and Buyer will surrender said [supermarket] to [the plaintiff], without further notice and without any legal proceedings" (hereinafter the assignment agreement). The assignment agreement further provided, in part, that "[t]his agreement is subject to any and all rights and remedies that [Bell-Rex] may have pursuant to any lease with Buyer then in place at the time of such a default" and that "[the [*2]plaintiff's] rights . . . are contingent upon curing any lease default that may exist at the time that [the plaintiff] seeks possession of the subject [supermarket] pursuant to this assignment, including but not limited to payment of all arrears of rent and/or additional rent."
The buyer allegedly defaulted on the promissory notes executed in favor of the plaintiff by failing to make the required monthly payments when they became due beginning in September 2009. The buyer also allegedly defaulted in making monthly lease payments to Bell-Rex beginning in August 2010. In December 2010, the buyer abandoned the supermarket. On December 11, 2010, Bell-Rex and the buyer executed a "Surrender Declaration," pursuant to which the buyer surrendered to Bell-Rex all of its "right, title and interest in and to the Premises and the Lease, together with all alterations, installations, additions and improvements, furniture, furnishings, equipment, and fixtures in and to said Premises" and, in exchange, the buyer and Perez were "released from liability under the Lease." In February 2011, Bell-Rex entered into a lease with nonparty AFS Operating Corp. (hereinafter AFS) to operate a supermarket at the premises.
In May 2011, the plaintiff commenced this action against, among others, Bell-Rex, seeking, inter alia, to recover damages for breach of the assignment agreement. In an amended complaint, the plaintiff alleged that Bell-Rex breached the assignment agreement by failing to give it an "opportunity to recapture' the . . . Premises to operate and maintain the Supermarket." Bell-Rex moved for summary judgment dismissing the amended complaint insofar as asserted against it. The Supreme Court denied the motion in an order entered March 22, 2016. Bell-Rex's subsequent motion for leave to renew its prior motion was also denied by the court in an order entered August 30, 2017. Bell-Rex appeals from both orders.
We agree with the Supreme Court's denial of Bell-Rex's motion for summary judgment dismissing the amended complaint insofar as asserted against it. Bell-Rex submitted evidence tending to show that the plaintiff was under financial distress when it sold its business to the buyer and that it had limited funds available to regain possession of the supermarket. This evidence, however, did not eliminate triable issues of fact as to whether Bell-Rex breached the assignment agreement given, inter alia, that Bell-Rex entered into a lease with AFS only months after the buyer abandoned the supermarket and that the assignment agreement did not set forth a time limitation on the plaintiff's ability to regain possession of the supermarket. Furthermore, we agree with the court's determination that Bell-Rex failed to demonstrate, as a matter of law, that the amended complaint should be dismissed insofar as asserted against it on the ground that the plaintiff's damages are wholly speculative. In light of Bell-Rex's failure to demonstrate its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it, the motion was properly denied regardless of the sufficiency of the plaintiff's opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Moreover, we agree with the Supreme Court's determination to deny Bell-Rex's motion for leave to renew its prior motion for summary judgment dismissing the amended complaint insofar as asserted against it. In support of its motion, Bell-Rex failed to submit any new information that would have changed the prior determination (see CPLR 2221[e][2]; 41st Rd. Props., LLC v Wang Real Prop., LLC, 164 AD3d 455, 458).
AUSTIN, J.P., LEVENTHAL, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court