Bahnyuk v Reed (2019 NY Slip Op 05839)





Bahnyuk v Reed


2019 NY Slip Op 05839


Decided on July 30, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 30, 2019

Renwick, J.P., Richter, Gesmer, Kern, Singh, JJ.


9149 805273/15

[*1]Alla Bahnyuk, Plaintiff-Respondent,
v
Lawrence S. Reed, M.D., Defendant-Appellant.


Heidell, Pittoni, Murphy & Bach, LLP, New York (Daniel S. Ratner of counsel), for appellant.
Rosenberg, Minc, Falkoff & Wolff, LLP, New York (Daniel Minc of counsel), for respondent.



Order, Supreme Court, New York County (Joan A. Madden, J.), entered on or about October 12, 2018, which, to the extent appealed from, denied defendant's motion for partial summary judgment dismissing the medical malpractice claim insofar as it is based on defendant's alleged failure to properly aspirate during the subject procedure, unanimously affirmed, without costs.
On March 24, 2015, defendant, a plastic surgeon, performed fat transfers to areas of plaintiff's face during an elective cosmetic procedure. One of the known risks of this procedure is that fat could enter a blood vessel and migrate to the eyes, causing blindness. Upon awaking from anesthesia, plaintiff complained of pain in her left eye and decreased vision. Plaintiff was immediately taken to an ophthalmologist, who observed fat in some of the vessels of the retina. The next day, plaintiff went to a neuro-ophthalmologist, who determined that plaintiff had "lost vision from a central retinal artery occlusion secondary to fat embolism."
Plaintiff commenced this medical malpractice action alleging that as a result of defendant's negligence in injecting the fat into her face, she suffered permanent loss of vision in her left eye. It is plaintiff's theory that defendant failed to properly aspirate during the administration of fat. At his deposition, defendant explained that aspiration is the technique of drawing back on the syringe prior to the injection of fat to ensure that blood does not comes into the syringe. According to defendant's expert, this withdrawal technique helps to prevent fat from being injected directly into a blood vessel.
In a medical malpractice action, a defendant doctor establishes prima facie entitlement to summary judgment by showing either: (i) "that in treating the plaintiff there was no departure from good and accepted medical practice" or (ii) "that any departure was not the proximate cause of the injuries alleged" (Roques v Noble, 73 AD3d 204, 206 [1st Dept 2010]). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985).
The motion court correctly denied defendant's motion to dismiss the malpractice claim based on the claimed failure to properly aspirate. Defendant failed to meet his prima facie burden of establishing that he did not depart from accepted medical practice in his method of injecting fat into plaintiff's face [FN1]. In support of his motion, defendant submitted the transcript of his deposition, an affidavit from a plastic surgery expert, and plaintiff's medical records. In his deposition testimony, defendant described the aspiration technique, but only in general terms, and never specifically stated that he used this technique during plaintiff's procedure. In fact, he stated "[t]hat's the technique that I think I used (emphasis added)." Defendant's generalized description of the aspiration technique is insufficient to establish prima facie that he properly [*2]used this technique in this case. Notably, defendant did not submit his own affidavit with the motion clarifying this equivocal testimony.
Nor does the expert's affidavit establish that defendant properly aspirated during the procedure, because it is based on the same deposition testimony that we find lacking [FN2]. Finally, the surgery report relied upon by defendant does not remove all issues of fact as to whether he aspirated before each injection of fat. The term "aspirate" is not found in the report, and defendant acknowledged in his deposition that the report does not specifically describe the aspiration technique. Although the report references the "microdroplet multifocal technique," which defendant claims includes aspiration, the record is far from clear on this point, particularly in light of the fact that defendant only stated that he "think[s] [he] used" the aspiration technique.
In view of defendant's failure to meet his prima facie burden, it is unnecessary to determine whether plaintiff raised a triable issue of fact in her opposition papers (Winegrad, 64 NY2d at 853).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 30, 2019
CLERK



Footnotes

Footnote 1: In this appeal, defendant does not argue that a failure to properly aspirate is not a departure from the standard of care.

Footnote 2: The expert also opines that plaintiff's loss of vision as a result of fat entering the retinal artery was "purely [a] function of injecting a foreign substance into the face rather than the means by which it is delivered." To the extent the expert means that any failure to aspirate was not the proximate cause of plaintiff's injuries, we find the affidavit to be conclusory and insufficient to establish prima facie a lack of causation.