OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, the individual defendants’ cross motion for summary judgment denied, and the case remitted to the Appellate Division for consideration of issues not reached on the appeal to that court.
In this action to recover damages for medical malpractice, plaintiffs in a verified complaint and bill of particulars alleged that defendant Jacobs failed to check Mrs. Winegrad’s medical history before undertaking to perform surgery on the tissues surrounding her eyes, and allowed administration of anesthesia without checking this history; that during the course of this minor surgery she went into shock and developed cardiac arrhythmia; that defendants Ross and Pasternack treated her and administered drugs for a blood clot and heart condition which were unnecessary and actually were incompatible with her condition; and that defendant Jacobs wrongfully left the surgery incomplete after representing to her that it had been completed.
In response to plaintiffs’ motion to direct that defendants’ answers be stricken on account of their failure to appear for depositions, defendants sought summary judgment, tendering in support of their cross motion only the brief affidavit of each asserting that the pertinent medical records had been reviewed. Each affidavit further contained the following identical paragraph: “I now state with a reasonable degree of medical certainty that I did not deviate from good and accepted medical practices in my treatment of plaintiff, nor did anything I do [sic] or allegedly failed to do proximately cause the plaintiff’s alleged injuries. Therefore, I should not have been named as a defendant in the above-entitled action.” Defendant Jacobs, in addition, acknowledged that he had attempted to perform a blepharoplasty on plaintiff, which was not completed since she developed cardiac arrhythmia. In opposition to the cross motion, plaintiffs submitted only their counsel’s affidavit complaining of defendants’ failure to appear for depositions. Special Term granted *853 plaintiffs’ requested relief and denied the cross motion for summary judgment; the Appellate Division reversed and dismissed the complaint.
The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case (see, Zuckerman v City of New York, 49 NY2d 557, 562; Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404). Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers (Matter of Redemption Church of Christ v Williams, 84 AD2d 648, 649; Greenberg v Manlon Realty, 43 AD2d 968, 969).
In the appeal before us, plaintiffs have in verified pleadings described certain injuries purportedly caused by the negligence of defendants, and defendant Jacobs has acknowledged that at least in some part the alleged injury actually occurred. On this record, the bare conclusory assertions echoed by all three defendants that they did not deviate from good and accepted medical practices, with no factual relationship to the alleged injury, do not establish that the cause of action has no merit so as to entitle defendants to summary judgment (CPLR 3212 [b]; cf. Neuman v Greenstein, 99 AD2d 1018, and Pan v Coburn, 95 AD2d 670). Defendants’ cross motion for summary judgment should therefore have been denied.
Chief Judge Wachtler and Judges Jasen, Simons, Kaye and Alexander concur in memorandum; Judge Meyer taking no part.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, etc.