■ MARILYN E. TUNISON et al., as Administratrices of the Estate of BERTHA EDWARDS, Deceased, Plaintiffs, v ELIZABETH STENGER, Defendant, and THOMAS L. McALLISTER, Defendant and Second Third-Party Plaintiff-Respondent. SMITHTOWN GENERAL HOSPITAL, Second Third-Party Defendant-Appellant. (Action No. 1.) MARILYN E. TUNISON et al., as Administratrices of the Estate of BERTHA EDWARDS, Deceased, Respondents, v SMITHTOWN GENERAL HOSPITAL, Appellant. (And a Third-Party Title.) (Action No. 2.)—In actions to recover damages for wrongful death due to automobile negligence (action No. 1)

and medical malpractice (action No. 2), Smithtown General Hospital appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Jones, J.), dated February 27, 1985, as denied its motion for summary judgment dismissing the second third-party complaint in action No. 1 and the complaint in action No. 2 insofar as they are asserted against it.

Order affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiffs' decedent was a passenger in an automobile involved in an accident on January 19, 1975. She was treated in the emergency room of the defendant Smithtown General Hospital by a staff physician, Dr. Harry Montazem, and released on that same day, allegedly over the protests of members of her family. She died two days later. Montazem's deposition was offered in support of the hospital's motion for summary judgment. Dr. Montazem admittedly failed to discover any injury to the popliteal region behind the knee of the plaintiffs' decedent. In response to a question as to whether he examined the back of the knee, he replied only, "The record indicates she had a physical examination". In light of the autopsy report submitted in opposition to the hospital's motion, which indicated that the cause of death was "massive pulmonary emboli due to thrombosis of right popliteal vein due to lacerations, abrasions and ecchymosis of right knee and popliteal regions", we agree with Special Term that the deposition raised issues of fact as to whether the examination of the decedent was properly conducted and whether the treatment prescribed was proper. The affidavit of the hospital's expert, in light of the foregoing factual issues, was insufficient to warrant granting summary judgment (cf. *Winegrad v New York Univ. Med. Center,* 64 NY2d 851). Mollen, P. J., Mangano, Gibbons and Bracken, JJ., concur.