■ JERROLD T. DOROS, Appellant, v CITY OF NEW YORK et al., Respondents. [628 NYS2d 683] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered on or about April 14, 1994, which granted plaintiff's motion for reargument and renewal and upon such adhered to its original determination granting defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, insofar as appealed from, and defendants' motion for summary judgment denied, without costs.

The moving party on a motion for summary judgment dismissing a cause of action must set forth a prima facie showing that the cause of action has no merit, and the motion must be denied if it fails to do so (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). Here, the affidavit of Haruhito Matsuda, who identified himself as a vice president of defendant KG Land New York Corp., was insufficient as a matter of law to establish defendants' right to summary judgment dismissing the complaint. The affidavit did not establish the relationship of the defendants to each other or to the property or Mr. Matsuda's relationship to any of the defendants other than KG Land New York Corp., which was not the owner of record of the property at the time of the alleged slip and fall in which plaintiff was injured. Nor did it establish the basis of Mr. Matsuda's averred knowledge that none of the defendants had participated in snow removal on the sidewalk abutting the subject premises on the date in question. As such, defendants failed to establish, at the outset, that they were entitled to summary judgment, and their motion should have been denied. Concur—Rosenberger, J. P., Ellerin, Ross, Williams and Tom, JJ.