■ MARY ALBERTI, Appellant, v CATHERINE DiBELLA et al., Respondents. [669 NYS2d 845] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), entered February 25, 1997, as granted that branch of the motion of the defendant Catherine DiBella which was for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The Supreme Court properly granted that branch of the motion of the defendant Catherine DiBella which was for summary judgment dismissing the complaint insofar as asserted against her. No triable issues of fact exist as to whether any negligence on her part was the proximate cause of the collision in which the plaintiff was allegedly injured (*see,* CPLR 3212 [b]). Bracken, J. P., Copertino, Santucci, Florio and McGinity, JJ., concur.

■ ALCHEM EQUITIES, INC., et al., Respondents, v APPLE BANK FOR SAVINGS et al., Appellants. [669 NYS2d 830] —In an action, *inter alia,* to recover a broker's commission, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (DiNoto, J.), dated April 4, 1997, as denied their motion for partial summary judgment dismissing the third cause of action asserted in the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

As the proponents of a motion for partial summary judgment, the defendants had the burden to make a prima facie showing of their entitlement to judgment as a matter of law by eliminating all material issues of fact from the case (*see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851). Since the defendants failed to make this showing, their motion was properly denied. Sullivan, J. P., Friedmann, Florio and Luciano, JJ., concur.