■ CIT GROUP/BUSINESS CREDIT, INC., Appellant, v RENEE INT'L. INC., Respondent. [697 NYS2d 16] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered May 5, 1999, which, in an action for goods sold and delivered and an account stated, insofar as appealed from, denied plaintiff's motion for partial summary judgment in the principal amount of $341,678.42, unanimously affirmed, with costs.

Plaintiff's demand for $341,678.42 is based on a handwritten notation by defendant's principal on a fax he sent to plaintiff's assignor stating that defendant's records showed that it had been invoiced for $727,819.22 and issued credits for $346,140.80, and on an admitted subsequent payment by defendant of $40,000. This fax was in response to one sent the day before to defendant by plaintiff's assignor containing a computer printout purporting to show a "totally adjusted" account of open invoices totaling $751,297.54 and issued credits totaling $231,587.13; defendant's principal's handwritten notation was at the bottom of the printout, which he returned to plaintiff's assignor under the cover of the fax he sent the next day. The motion was properly denied because the handwritten notation, viewed in a documentary context indicating that plaintiff's assignor and defendant were in disagreement over the balance due and discussing their differences, and which on its face simply states the amounts that had been invoiced and credited to defendant, does not constitute an unambiguous admission of the accuracy or completeness of the stated figures, and therefore does not, by itself, constitute an express assent to any balance due. Such evidence being insufficient to establish plaintiff's entitlement to judgment as a matter of law, the

motion was correctly denied without regard to the quality of the opposing papers (*see*, *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). We have considered plaintiff's other arguments and find them to be without merit. Concur—Sullivan, J. P., Tom, Rubin, Saxe and Buckley, JJ.