■ SKYLINE CREDIT RIDE, INC., Appellant, v ED CLEARY et al., Respondents. (And Another Action.) [702 NYS2d 246] —Order, Supreme Court, New York County (Edward Lehner, J.), entered January 26, 1999, insofar as it granted defendants' cross motion for summary judgment to the extent of dismissing plaintiff's first cause of action for unfair competition, unanimously reversed, with costs, the cross motion denied, and the first cause of action reinstated.

There exist issues of fact which preclude summary judgment, specifically, whether the position of dispatcher that defendant Hub Connection, Inc. (Hub) obtained with the client was the same job that plaintiff previously performed, and whether Hub obtained that position by misappropriating plaintiff's confidential and proprietary information, including its computerized dispatch system.

Defendants failed to meet their burden of establishing their entitlement to summary judgment. The affidavit of the client's vice president submitted in support of the cross motion implied that the client offered Hub and plaintiff the opportunity to bid for the same position and plaintiff refused to submit a bid, while the documentation attached to the affidavit clearly shows that plaintiff was invited to submit a bid for the position of car supplier inasmuch as Hub was already hired as dispatcher. The witness's reply affidavit is insufficient to correct the inconsistency since plaintiff did not have an opportunity to respond. Therefore, defendants' submissions were not conclusive of the issues and summary judgment should have been denied regardless of the insufficiency of plaintiff's opposing papers (*see, Wine-*

grad v New York Univ. Med. Ctr., 64 NY2d 851). Concur—
Williams, J. P., Ellerin, Lerner, Rubin and Saxe, JJ.