◼ ROSALIE VULPIS, Appellant, v ARCH DINER et al., Respondents, et al., Defendants. [742 NYS2d 915] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Schmidt, J.), dated July 31, 2001, which granted the motion of the defendants Arch Diner and John Livanos for summary judgment dismissing the complaint insofar as asserted against them, and (2) a judgment of the same court, entered November 28, 2001, dismissing the complaint insofar as asserted against those defendants.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the motion is denied, the order dated July 31, 2001, is vacated, and the complaint is reinstated insofar as asserted against the defendants Arch Diner and John Livanos; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The conclusory assertions in the affidavit of the vice-president of the respondent Arch Diner were insufficient to make a prima facie showing that the area in which the plaintiff allegedly tripped and fell was not on the respondents' property (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853). Altman, J.P., S. Miller, McGinity and Schmidt, JJ., concur.