■ EXECUTIVE AVIATION SERVICES, INC., et al., Respondents, v FLIGHTWAYS OF LONG ISLAND, INC., Doing Business as MILLION AIR, Appellant. [790 NYS2d 537]—In an action, inter alia, to recover damages for breach of contract, the defendant appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Henry, J.), dated October 24, 2003, as, upon reargument, vacated so much of an order of the same

court dated May 29, 2003, as denied the plaintiff's cross motion for summary judgment, and granted the cross motion and (2) from a judgment of the same court entered December 15, 2003, which is in favor of the plaintiffs and against it in the principal sum of $57,732.88.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, and, upon reargument, that portion of the order dated May 29, 2003, denying the plaintiff's cross motion for summary judgment is adhered to, and the order dated October 24, 2003, is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The Supreme Court properly denied the defendant's motion to strike the complaint pursuant to CPLR 3126. The harsh remedy of striking a pleading should be withheld in the absence of a showing, as here, of a willful and contumacious refusal to disclose (*see Cruzatti v St. Mary's Hosp.,* 193 AD2d 579 [1993]).

The Supreme Court erred, upon reargument, in granting the plaintiffs' motion for summary judgment. The motion was premature since substantial discovery remained outstanding (*see generally Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494 [1993]). Moreover, the plaintiffs failed to make out a prima facie case for judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). Goldstein, J.P., Luciano, Crane and Spolzino, JJ., concur.