■ JORGE GASPER, Respondent, v LC MAIN, LLC, et al., Appellants, et al., Defendant. (And a Third-Party Action.) [913 NYS2d 39]—

Order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered April 12, 2010, which, in an action for personal injuries sustained when plaintiff cut his right thigh while operating a power circular hand saw at a construction site,

insofar as appealed from as limited by the briefs, denied the motion of defendants-appellants site owner and general contractor (defendants) for summary judgment dismissing plaintiff's Labor Law § 241 (6) claim, unanimously affirmed, without costs.

Defendants' expert relied, inter alia, on unauthenticated photographs of a circular saw as the basis for his opinion that plaintiff was the sole proximate cause of the accident. Furthermore, defendants' expert mischaracterized plaintiff's examination before trial testimony in forming his conclusions. Thus, the photographs and deposition transcripts are insufficient to establish, as a matter of law (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]), that the saw complied with 12 NYCRR 23-1.12 (c) (1), regulating the guarding of power-driven saws. Furthermore, we reject defendants' argument that, even if the saw was broken, the record establishes that plaintiff's misuse of the saw by using his right leg as a sawhorse, was the proximate cause of his injury. Plaintiff's testimony as well as that of other witnesses conflicts with that offered by defendants and creates issues of fact that cannot be resolved on a motion for summary judgment. Finally, there are issues of fact as to whether a saw horse or saw table was readily available, and whether plaintiff for no good reason refused to use them. Concur—Sweeny, J.P., Catterson, Moskowitz, Renwick and Richter, JJ. **[Prior Case History: 27 Misc 3d 1212(A), 2010 NY Slip Op 50691(U).]**