In an action to recover damages for personal injuries, etc., the defendants Demon Trucking, Inc., Terrence Jones, Phoenix Beverages, Inc., and Windmill Distributing Company, L.E, appeal from so much of an order of the Supreme Court, Kings County (Martin, J.), dated May 25, 2011, as denied the motion of the defendants Demon Trucking, Inc., Terrence Jones, and Phoenix Beverages, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against those defendants.
Ordered that the appeal by the defendant Windmill Distributing Company, L.E, is dismissed, as that defendant is not aggrieved by the portion of the order appealed from (see CPLR 5511); and it is further,
Ordered that the order is affirmed insofar as appealed from by the defendants Demon Trucking, Inc., Terrence Jones, and Phoenix Beverages, Inc.; and it is further,
Ordered that one bill of costs is awarded to the plaintiff and the defendants Whitestone Citrus Corp., doing business as Tropicana Products, Donna M. McDaid, and Michael Beck, appearing separately and filing separate briefs, payable by the appellants.
The plaintiffs infant daughter (hereinafter the infant) allegedly was injured when she was struck by a truck owned by the defendant Demon Trucking, Inc. (hereinafter Demon Trucking), and operated by the defendant Terrence Jones, an employee of the defendant Phoenix Beverages, Inc. (hereinafter Phoenix Beverages). The plaintiff commenced this action to recover damages, inter alia, for personal injuries against, among others, Demon Trucking, Jones, and Phoenix Beverages. Thereafter, Demon Trucking, Jones, and Phoenix Beverages (hereinafter *635 collectively the movants) moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. In the order appealed from, the Supreme Court, inter alia, denied the motion.
The movants failed to establish their prima facie entitlement to judgment as a matter of law, as they failed to eliminate triable issues of fact as to how the accident occurred and whether Jones had sufficient opportunity to avoid hitting the infant (see Parnes v Mitzy Transp., 44 AD3d 918 [2007]; Judice v DeAngelo, 272 AD2d 583 [2000]). Since the movants failed to meet their prima facie burden, the Supreme Court properly denied the motion for summary judgment, and we need not consider the sufficiency of the papers submitted in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Creese v Long Is. Light. Co., 98 AD3d 708, 711 [2012]).
The parties’ remaining contentions either are without merit or need not be reached in light of our determination. Eng, EJ., Rivera, Lott and Miller, JJ., concur.