■ Yu Zhen Chen, Respondent, v King Star Restaurant, Inc., Appellant, et al., Defendant. [997 NYS2d 909]—

In an action to recover damages for personal injuries, the defendant King Star Restaurant, Inc., appeals from an order of the Supreme Court, Kings County (Battaglia, J.), entered November 29, 2013, which denied its renewed motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured when a floral arch fell on top of her while she was sitting at a table during a wedding reception held at a restaurant owned by the defendant King Star Restaurant, Inc. (hereinafter King Star).

A landowner has a duty to maintain his or her property in a reasonably safe manner to prevent foreseeable injuries (see Peralta v Henriquez, 100 NY2d 139 [2003]; see also Basso v Miller, 40 NY2d 233 [1976]). To demonstrate its prima facie entitlement to judgment as a matter of law, King Star was required to establish that it maintained the premises in a reasonably safe condition and that it did not create a dangerous or defective condition on the property or have either actual or constructive notice of a dangerous or defective condition for a sufficient length of time to remedy it (see Rendon v Broadway Plaza Assoc. Ltd. Partnership, 109 AD3d 975 [2013]; Villano v Strathmore Terrace Homeowners Assn., Inc., 76 AD3d 1061 [2010]). Here, in support of its renewed motion, King Star failed to establish, prima facie, that it lacked constructive notice of the alleged defective condition of the floral arch. Since King Star failed to meet its initial burden, it is unnecessary to consider the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]).

King Star's remaining contention is without merit.

Accordingly, the Supreme Court properly denied King Star's motion for summary judgment dismissing the complaint insofar as asserted against it. Balkin, J.P., Cohen, Duffy and LaSalle, JJ., concur.