■ Elana Shemesh, Respondent, v Golden Express Company et al., Appellants. [1 NYS3d 857]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, (1) from so much of an order of the Supreme Court, Kings County (Rothenberg, J.), dated May 30, 2013, as denied that branch of their motion which was for summary judgment dismissing the cause of action alleging negligence based upon the alleged actions of their bus driver, and (2) from so much of an order of the same court dated October 17, 2013, as, upon reargument, adhered to that portion of the order dated May 30, 2013.

Ordered that the appeal from the order dated May 30, 2013, is dismissed, without costs or disbursements, as that order was superseded by the order dated October 17, 2013, made upon reargument; and it is further,

Ordered that the order dated October 17, 2013, is affirmed insofar as appealed from, without costs or disbursements.

Upon reargument, the Supreme Court properly adhered to so much of its original determination as denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging that the plaintiff's accident was caused by the negligence of their bus driver when he assisted her in disembarking from a disabled bus. The defendants failed to eliminate all triable issues of fact as to whether the bus driver was negligent in assisting the plaintiff and whether his actions proximately caused the plaintiff's accident. Since the defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law, the Supreme Court properly denied that branch of their motion, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Dillon, J.P., Leventhal, Chambers and Roman, JJ., concur.