Irizarry v Felice Realty Corp. (2018 NY Slip Op 00415)





Irizarry v Felice Realty Corp.


2018 NY Slip Op 00415


Decided on January 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

L. PRISCILLA HALL, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
LINDA CHRISTOPHER, JJ.


2015-12564
 (Index No. 13154/10)

[*1]Elvia Irizarry, respondent, 
v
Felice Realty Corp., et al., appellants.


Leon R. Kowalski (McGaw, Alventosa & Zajac, Jericho, NY [Joseph Horowitz and Ross Masler], of counsel), for appellants.
Katz & Katz, P.C., New York, NY (Andrea Katz Ritscher, Julie T. Mark, and Jason Linden of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Baily-Schiffman, J.), dated October 22, 2015, which denied their motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff was injured when she slipped and fell in the bathroom at her workplace. The premises were leased by the plaintiff's employer from the defendant Felice Realty Corp. (hereinafter Felice). The defendant Rentar Development Corp. (hereinafter Rentar) was the managing agent for the premises. The plaintiff thereafter commenced this action alleging that she slipped on water which had accumulated on the bathroom floor as a result of a leak from a malfunctioning hot water heater. The plaintiff testified at her deposition that, shortly after the accident, both a coworker as well as someone wearing a Rentar uniform told her that there had been a leak in the bathroom the night before and it had been cleaned up. Following discovery, the defendants moved for summary judgment dismissing the complaint, asserting that Felice was an out-of-possession landlord and that the defendants had no notice of the defective hot water heater. The Supreme Court denied the motion, and the defendants appeal.
An out-of-possession landlord and its agent are not liable for injuries caused by dangerous conditions on leased premises in the absence of a statute imposing liability, a contractual provision placing the duty to repair on the landlord, or a course of conduct by the landlord giving rise to a duty (see Rivera v Nelson Realty, LLC, 7 NY3d 530, 534; Volpe v Hudson View Assoc., LLC, 109 AD3d 814, 815; Alnashmi v Certified Analytical Group, Inc., 89 AD3d 10, 18).
Here, the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the complaint. They submitted a copy of the lease, which established that Felice was required to remedy "any defective condition in any plumbing, heating system or electrical lines located in the demised premises" following prompt notice by the tenant. The defendants' submissions, however, failed to eliminate all triable issues of fact, including whether they had actual or constructive notice of the allegedly defective hot water heater, thereby placing upon them the duty [*2]to repair it pursuant to the lease. Accordingly, the motion was properly denied, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
HALL, J.P., AUSTIN, SGROI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court