Digital Fed. Credit Union v Chitti (2020 NY Slip Op 00402)





Digital Fed. Credit Union v Chitti


2020 NY Slip Op 00402


Decided on January 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
HECTOR D. LASALLE, JJ.


2018-13817
2018-13818
 (Index No. 62297/15)

[*1]Digital Federal Credit Union, respondent,
v
Ramana Chitti, etc., appellant, et al., defendants.


Law Office of Maggio & Meyer, PLLC, Bohemia, NY (Holly C. Meyer of counsel), for appellant.
Shapiro, DiCaro & Barak, LLC, Rochester, NY (Ellis M. Oster of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Ramana Chitti appeals from two orders of the Supreme Court, Westchester County (Charles D. Wood, J.), both dated November 5, 2018. The orders, insofar as appealed from, granted those branches of the plaintiff's renewed motion which were for summary judgment on the complaint insofar as asserted against the defendant Ramana Chitti, to strike that defendant's answer, and for an order of reference.
ORDERED that the orders are reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's renewed motion which were for summary judgment on the complaint insofar as asserted against the defendant Ramana Chitti, to strike that defendant's answer, and for an order of reference are denied.
The plaintiff commenced this action to foreclose a mortgage against, among others, the defendant Ramana Chitti (hereinafter the defendant). In her answer, the defendant asserted, among other affirmative defenses, that the plaintiff failed to comply with RPAPL 1304. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference. In an order dated December 5, 2017, the Supreme Court denied the plaintiff's motion without prejudice to renew. Thereafter, the plaintiff made a renewed motion for the previously sought relief. The court, in two orders, both dated November 5, 2018, granted the plaintiff's renewed motion. The defendant appeals.
The plaintiff failed to demonstrate its prima facie entitlement to judgment as a matter of law. Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action (see Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20; Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95). Contrary to the Supreme Court's conclusion, under the circumstances here, the plaintiff was not relieved of the requirement that it provide the notice specified in RPAPL 1304 (see US Bank N.A. v Lawson, 170 AD3d 1068, 1070). Further, "[s]ince the plaintiff failed to provide proof of the actual mailing, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure, the plaintiff failed to establish its strict [*2]compliance with RPAPL 1304" (Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21; see U.S. Bank N.A. v Cope, 175 AD3d 527, 529-530).
Accordingly, as the plaintiff failed to meet its prima facie burden, those branches of its renewed motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference should have been denied without regard to the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The plaintiff's remaining contention is without merit.
MASTRO, J.P., LEVENTHAL, MILLER and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court