Meraj v Walgreens Co. (2020 NY Slip Op 01155)





Meraj v Walgreens Co.


2020 NY Slip Op 01155


Decided on February 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2017-06485
 (Index No. 12325/11)

[*1]Tahseen Meraj, et al., respondents,
v
Walgreens Co., et al., appellants, et al., defendants (and a third-party action).


Baker, Greenspan & Bernstein, Bellmore, NY (Robert L. Bernstein, Jr., of counsel), for appellants.
Goldberg & Cohn, LLP, Brooklyn, NY (Elliott S. Martin of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for injury to property, the defendants Walgreens Co., Walgreens Eastern Co., Inc., W-8 Brooklyn Avenue U, LLC, and Unicorp National Development, Inc., appeal from an order of the Supreme Court, Kings County (Martin M. Solomon, J.), dated April 27, 2017. The order, insofar as appealed from, denied that branch of the motion of the defendants Walgreens Co. and Walgreens Eastern Co., Inc., which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the appeal by the defendants W-8 Brooklyn Avenue U, LLC, and Unicorp National Development is dismissed, as those parties are not aggrieved by the portion of the order appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is affirmed insofar as appealed from by the defendants Walgreens Co. and Walgreens Eastern Co., Inc.; and it is further,
ORDERED that one bill of costs is awarded to the respondents.
The plaintiffs are the owners of real property located in Brooklyn. From late 2008 until 2010, demolition, excavation, and construction operations took place on an adjacent property on which a new Walgreens store was being built (hereinafter the W-8 property). The construction work at the W-8 property was being done pursuant to a lease entered into between the defendant W-8 Brooklyn Avenue U, LLC (hereinafter the landlord), and the defendant Walgreen Eastern Co., Inc., sued herein as Walgreens Eastern Co., Inc. (hereinafter the tenant). Pursuant to the lease, the landlord agreed to erect a building to the tenant's specifications and, upon substantial completion, the tenant would take possession and begin paying rent. The lease provided the tenant with various rights during the construction phase, including the right to reasonably approve all construction contractors and subcontractors, the right to accept or reject all plans, and the right to enter the premises at any time to inspect the work. The lease also provided for three "Required Inspections," the first of which was to be conducted by the tenant following the completion of the excavation work, prior to pouring the concrete slab.
In May 2011, the plaintiffs commenced this action against, among others, the tenant, Walgreens Co., the landlord, and Unicorp National Development (hereinafter collectively the [*2]appellants), alleging, among other things, that the plaintiffs' property was damaged as a result of the negligent demolition, excavation, and construction that occurred on the adjacent W-8 property, and that the appellants violated city and state administrative regulations. The plaintiffs also alleged a continuing trespass and encroachment upon their property by part of the structures erected on the W-8 property.
After issue was joined, but prior to the completion of discovery, Walgreens Co. and the tenant (hereinafter together the Walgreens defendants) moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. In support of their motion, the Walgreens defendants submitted, among other things, the affidavit of Robert Zalewski, Senior Regional Construction Manager for the tenant's parent company. Zalewski averred, based upon his "review of the computerized and hard copy construction files maintained by me and my staff regarding [the subject] store," that (1) the Walgreens defendants had "no direct involvement" in the construction, (2) had "no involvement whatsoever" on the site, and (3) did not have any personnel, equipment, or anyone under their direct control and/or oversight at the site. The Walgreens defendants thus argued that they could not properly be held liable for any damage to the plaintiffs' property that occurred during the course of the construction. No exhibits were attached to Zalewski's affidavit. The plaintiffs opposed the motion, and in an order dated April 27, 2017, the Supreme Court denied that branch of the Walgreens defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.
On this record, we agree with the Supreme Court's determination that the Walgreens defendants' submissions failed to establish their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them (see Reiss v Professional Grade Constr. Group, Inc., 172 AD3d 1121, 1124). Accordingly, we agree with the court's determination to deny the subject branch of the Walgreens defendants' motion, regardless of the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
RIVERA, J.P., CHAMBERS, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court