T.H. v New York City Health & Hosp. Corp. (N. Cent. Bronx Hosp.) (2020 NY Slip Op 02976)





T.H. v New York City Health & Hosp. Corp. (N. Cent. Bronx Hosp.)


2020 NY Slip Op 02976


Decided on May 21, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 21, 2020

Acosta, P.J., Renwick, Webber, Gesmer, JJ.


11545 350307/11

[*1] T.H., etc., Plaintiff-Appellant,
v
New York City Health & Hospital Corporation (North Central Bronx Hospital), Defendant-Respondent.


The Fitzgerald Law Firm, P.C., Yonkers (John M. Daly of counsel), for appellant.
Georgia M. Pestana, Acting Corporation Counsel, New York (Julie Steiner of counsel), for respondent.



Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered on or about January 10, 2017, which granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.
Plaintiff was born via emergency cesarean section after a prolonged diminution of the fetal heartbeat indicative of bradycardia. Defendant does not contest that plaintiff suffered a perinatal hypoxic ischemic insult, with an acidotic pH level in the umbilical cord at birth and a postnatal indication of seizure activity within the first few hours of life.
Defendant failed to establish prima facie that its staff did not depart from good and accepted medical practice, as it submitted competing expert opinions by obstetric practitioners in New York who reached opposing conclusions based on the same labor and delivery records (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). "Resolution of issues of credibility of expert witnesses and the accuracy of their testimony are matters within the province of the jury" (Frye v Montefiore Med. Ctr., 70 AD3d 15, 25 [1st Dept 2009]).
Defendant established prima facie, via an expert opinion, that any departure was not a proximate cause of the infant plaintiff's conditions, including attention deficit hyperactivity disorder (ADHD), oppositional defiant disorder, and speech, language, and cognitive delays. Defendant also submitted an expert opinion by a pediatric neurologist which had previously been provided by plaintiff, and argued that it was insufficient to demonstrate proximate cause. The motion court agreed, finding that the plaintiff's expert's opinion was not supported by the expert's cited articles, which merely discussed associations between such perinatal injury and ADHD (see generally Parker v Mobil Oil Corp., 7 NY3d 434, 448 [2006]).
However, plaintiff raised an issue of fact as to causation by submitting an additional expert opinion by a pediatric neurologist in opposition to defendant's motion. That opinion offers a synthesis of numerous medical studies not cited by plaintiff's previous expert, which [*2]reasonably permits the conclusion that the alleged departures proximately caused plaintiff's conditions (see Marsh v Smyth, 12 AD3d at 307, 308 [1st Dept 2004]; accord Lugo v New York City Health & Hosps. Corp., 89 AD3d 42, 57-58 [2d Dept 2011]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 21, 2020
CLERK