Harris v City of New York (2021 NY Slip Op 05325)





Harris v City of New York


2021 NY Slip Op 05325


Decided on October 6, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 6, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2020-08728
 (Index No. 513389/15)

[*1]Malcolm Harris, appellant,
v
City of New York, et al., respondents.


Rosenbaum & Rosenbaum, P.C., New York, NY (Mark W. Walsh of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York, NY (Jeremy W. Shweder and Ellen Ravitch of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Katherine Levine, J.), dated October 2, 2020. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained when he slipped and fell on snow-covered ice on a sidewalk abutting a public school in Brooklyn. The defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, and the plaintiff appeals.
"A defendant moving for summary judgment in an action predicated upon the presence of snow or ice has the burden of establishing, prima facie, that it neither created the snow or ice condition that allegedly caused the plaintiff to fall nor had actual or constructive notice of that condition" (Ryan v Beacon Hill Estates Coop., Inc., 170 AD3d 1215, 1215). Here, the defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law. Accordingly, the Supreme Court should have denied their motion for summary judgment dismissing the complaint without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 852).
MASTRO, J.P., MILLER, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court