Ardent Harmony Fund, Inc. v Fuschetto Home Improvements, LLC (2022 NY Slip Op 00158)





Ardent Harmony Fund, Inc. v Fuschetto Home Improvements, LLC


2022 NY Slip Op 00158


Decided on January 12, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
WILLIAM G. FORD, JJ.


2019-01699
 (Index No. 606169/18)

[*1]Ardent Harmony Fund, Inc., et al., appellants,
v
Fuschetto Home Improvements, LLC, et al., respondents, et al., defendant.


Reed Smith LLP, New York, NY (Casey D. Laffey, Nana Boyer [Japaridze], and Melissa A. Brown of counsel), for appellants.
McCarthy & Carbone, P.C., Hauppauge, NY (Patrick C. McCarthy of counsel), for respondent Fuschetto Home Improvements, LLC.
LaMonica Herbst & Maniscalco, LLP, Wantagh, NY (Joseph S. Maniscalco of counsel), for respondent S.K. Complete Landscaping, Inc.



DECISION & ORDER
In an action, inter alia, to set aside certain transfers pursuant to Debtor and Creditor Law former article 10, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Jeffrey S. Brown, J.), entered January 8, 2019. The order, insofar as appealed from, granted the cross motion of the defendant Fuschetto Home Improvements, LLC, and the separate motion of the defendant S.K. Complete Landscaping, Inc., for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs, and the cross motion of the defendant Fuschetto Home Improvements, LLC, and the separate motion of the defendant S.K. Complete Landscaping, Inc., for summary judgment dismissing the complaint insofar as asserted against each of them are denied.
The plaintiffs are judgment creditors of nonparties Donald Barrick and Nancy Barrick (hereinafter together the Barricks). The plaintiffs allege, in relevant part, that the Barricks paid millions of dollars to the defendants Fuschetto Home Improvements, LLC (hereinafter Fuschetto), and S.K. Complete Landscaping, Inc. (hereinafter S.K. and, together with Fuschetto, the defendants), without fair consideration, and commenced this action against the defendants, among others, to set aside those transfers as fraudulent pursuant to Debtor and Creditor Law former §§ 273, 274, and 278 and to recover damages for those statutory violations and for unjust enrichment. After joinder of issue but before the completion of discovery, Fuschetto cross-moved for summary judgment dismissing the complaint insofar as asserted against it, and S.K. separately moved for the same relief as to it. In an order entered January 8, 2019, the Supreme Court granted the cross motion and the motion, and the plaintiffs appeal.
Contrary to the defendants' contention, neither Fuschetto nor S.K. submitted [*2]sufficient evidentiary proof in admissible form to establish its prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging violations of Debtor and Creditor Law former §§ 273, 274, and 278 and unjust enrichment (see Can Man Carting, LLC v Spiezio, 165 AD3d 1029, 1031). Therefore, Fuschetto's cross motion for summary judgment dismissing the complaint insofar as asserted against it, and S.K.'s separate motion for the same relief, should have been denied regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of our determination, we need not reach the plaintiffs' remaining contentions.
IANNACCI, J.P., CHAMBERS, MILLER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court