Zayed v New York City Dept. of Design & Constr. (2023 NY Slip Op 04743)

Zayed v New York City Dept. of Design & Constr.

2023 NY Slip Op 04743

Decided on September 26, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 26, 2023

Before: Renwick, P.J., Moulton, Kennedy, Scarpulla, Higgitt, JJ. 

Index No. 21602/15 Appeal No. 614 Case No. 2022-01056 

[*1]Burhan Zayed, Plaintiff,
v
New York City Department of Design and Construction, et al., Defendants.
Schiavone Construction Co., LLC, Third-Party Plaintiff-Respondent,
v
Iron Bridge Constructors, Inc., Third-Party Defendant-Appellant.

Gartner + Bloom, P.C., New York (Roy M. Anderson of counsel), for appellant.
Newman Myers Kreines Harris, P.C., New York (Matthew D. Lavoie of counsel), for respondent.

Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered February 9, 2022, which denied Iron Bridge Constructors, Inc.'s motion for summary judgment dismissing the third-party complaint, unanimously affirmed, without costs.
Iron Bridge failed to sustain its prima facie burden of demonstrating entitlement to judgment as a matter of law. Plaintiff testified that he was hit by a gate that was improperly secured and blowing in the wind as he was leaving the trailer occupied by Iron Bridge on the work site where he was employed by a subcontractor. While the identity of the person who unlocked the gate and failed to secure it properly on the date of the accident was unknown, there was testimony from third-party plaintiff Schiavone Construction Co., LLC's project manager and safety site manager and Iron Bridge's project manager indicating that an Iron Bridge foreman that met with plaintiff that day had keys to the gate and sometimes opened it in the morning. Contrary to Iron Bridge's assertion, it was Iron Bridge's burden to show that the accident did not arise out of its work in order to obtain summary judgment on its contractual indemnification claim (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]), which it failed to do.
Iron Bridge also failed to demonstrate that there was no issue of fact concerning its negligence and that Schiavone was guilty of some negligence that contributed to the cause of the accident in order to obtain summary judgment dismissing Schiavone's common-law indemnification claim (see Lexington Ins. Co. v Kiska Dev. Group LLC, 182 AD3d 462, 464 [1st Dept 2020]). Moreover, since there remain questions of fact concerning Iron Bridge's negligence, dismissal of Schiavone's contribution claim and cause of action for failure to procure insurance were also unwarranted.
We have considered Iron Bridge's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 26, 2023