Konstantinovic v Finch Apt. Corp. (2025 NY Slip Op 00827)

Konstantinovic v Finch Apt. Corp.

2025 NY Slip Op 00827

Decided on February 13, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 13, 2025

Before: Webber, J.P., Kennedy, Friedman, Mendez, Rodriguez, JJ. 

Index No. 152162/22 Appeal No. 3668 Case No. 2024-02564 

[*1]Jonel Konstantinovic, Plaintiff-Respondent,
v
Finch Apartment Corp., Defendant, Abilene Inc., Defendant-Appellant.

Nicoletti Spinner Ryan Gulino Pinter LLP, New York (Matthew G. Corcoran of counsel), for appellant.
Sacco & Fillas, LLP, Astoria (Victor Bota of counsel), for respondent.

Order, Supreme Court, New York County (Mary V. Rosado, J.), entered March 14, 2024, which, insofar as appealed from, denied defendant Abilene Inc.'s motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
Plaintiff employee of defendant Finch Apartment Corp. (Finch) alleges he sustained injuries when working in the boiler room at a building owned by Finch, after he fell from a ladder. Defendant Abilene Inc. (Abilene) is a boiler installation and repair company.
Plaintiff alleges that Finch hired Abilene to perform work on the boiler before the accident, and that Abilene was responsible for maintaining the boiler and boiler room in "reasonably safe and suitable condition and in good repair." Plaintiff asserts common-law negligence, Labor Law §§ 200 and 241, and other Labor Law claims against defendants, alleging that they were responsible for the conditions in the boiler room that caused his injuries, and that they failed to provide him with proper safety devices.
Abilene failed to establish its entitlement to judgment as a matter of law. Therefore, Supreme Court properly denied the motion, regardless of the sufficiency of plaintiff's opposition papers (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). The affidavit of Abilene's principal failed to address plaintiff's central allegation that he fell on March 20, 2019. Additionally, emails attached to Abilene's motion established that it had worked in the boiler room where plaintiff fell before that date.
Furthermore, Abilene's motion was premature. Plaintiff demonstrated that facts essential to oppose the motion — including invoices, work orders, proposals, and other evidence of Abilene's work before plaintiff's accident — were in Abilene's exclusive control (see CPLR 3212[f]; Pineda v 525 SMA Owner LLC, 216 AD3d 475, 476 [1st Dept 2023]).
We have considered Abilene's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 13, 2025