New York Am. Water Co., Inc. v Nassau County (2025 NY Slip Op 04797)

New York Am. Water Co., Inc. v Nassau County

2025 NY Slip Op 04797

Decided on August 27, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2022-09589
 (Index No. 601452/18)

[*1]New York American Water Company, Inc., appellant, 
v
Nassau County, et al., respondents, et al., defendants.

Cullen and Dykman LLP, Garden City, NY (Ariel E. Ronneburger and Karen I. Levin of counsel), for appellant.
Thomas A. Adams, County Attorney (Vincelette, Almy & Casertino, Latham, NY [Daniel G. Vincelette], of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, for declaratory and injunctive relief, the plaintiff appeals from an order of the Supreme Court, Nassau County (Robert A. McDonald, J.), entered October 14, 2022. The order, insofar as appealed from, denied the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendants Nassau County, Nassau County Department of Assessment, James Davis, Acting Assessor of Nassau County, and Nassau County Legislature and declaring, among other things, that those defendants' tax calculation for the 2016/2017 tax year failed to accurately reflect the demolition of the Glenwood Power Plant, and granted those defendants' motion for summary judgment dismissing the complaint insofar as asserted against them and for declarations in their favor.
ORDERED that the order is modified, on the law, (1) by deleting the provisions thereof granting those branches of the motion of the defendants Nassau County, Nassau County Department of Assessment, James Davis, Acting Assessor of Nassau County, and Nassau County Legislature which were for summary judgment dismissing the first, third, fourth, and fifth causes of action insofar as asserted against them and for declarations in their favor with respect to the first cause of action, and substituting therefor a provision denying those branches of the motion, and (2) by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment declaring that the tax calculation of the defendants Nassau County, Nassau County Department of Assessment, James Davis, Acting Assessor of Nassau County, and Nassau County Legislature for the 2016/2017 tax year failed to accurately reflect the demolition of the Glenwood Power Plant, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiffs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, making an appropriate declaration in accordance herewith.
Background facts relevant to this appeal are set forth in this Court's decision and order on a related appeal (see National Grid Generation, LLC v Nassau County, _____ AD3d _____ [decided herewith]). As pertinent here, the plaintiff, New York American Water Company, Inc., commenced this action, inter alia, for declaratory and injunctive relief against, among others, the [*2]defendants Nassau County, Nassau County Department of Assessment, James Davis, Acting Assessor of Nassau County, and Nassau County Legislature (hereinafter collectively the County defendants). The plaintiff alleged that, upon the decommissioning and demolition of the Glenwood Power Plant (hereinafter the power plant) during the period of 2012 to 2015, the County defendants miscalculated the adjusted base proportion (hereinafter ABP) for certain class three properties (see generally RPTL 1803-a), and, as a result, the plaintiff paid inflated property taxes for the 2014/2015 tax year and subsequent tax years. These allegations were substantially similar to those asserted by the plaintiffs in National Grid Generation, LLC v Nassau County (_____ AD3d _____ [decided herewith]).
Thereafter, the plaintiff moved for summary judgment on the complaint insofar as asserted against the County defendants and declaring, among other things, that the County defendants' tax calculation for the 2016/2017 tax year failed to accurately reflect the demolition of the power plant. The County defendants opposed the motion and moved for summary judgment dismissing the complaint insofar as asserted against them and for declarations in their favor. In an order entered October 14, 2022, the Supreme Court, inter alia, granted the County defendants' motion and denied the plaintiff's motion. The plaintiff appeals.
For reasons set forth more fully in National Grid Generation, LLC v Nassau County (_____ AD3d _____ [decided herewith]), the Supreme Court should have denied those branches of the County defendants' motion which were for summary judgment dismissing the first, third, fourth, and fifth causes of action, among other things, for declaratory and injunctive relief related to the County defendants' alleged miscalculation of the class three tax shares and resulting tax rates in the relevant taxing jurisdictions for the 2014/2015 tax year and each year thereafter and for related refunds, and for declarations in their favor with respect to the first cause of action regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
However, the Supreme Court properly granted those branches of the County defendants' motion which were for summary judgment dismissing the second cause of action, alleging, inter alia, violations of the Equal Protection Clauses of the United States and New York Constitutions, and for declarations in their favor with respect to that cause of action (see US Const, 14th Amend, § 1; NY Const, art I, § 11). As set forth more fully in National Grid Generation, LLC v Nassau County (_____ AD3d _____ [decided herewith]), the statutory tax framework of RPTL article 18 was designed to accomplish the tax-related objective of avoiding abrupt increases or shifts in tax liability over time, which is a rational tax-related purpose for the Legislature's different treatment of the different classes of properties (see Tax Equity Now NY LLC v City of New York, 42 NY3d 1, 29). Moreover, the County defendants demonstrated, prima facie, that any alleged miscalculation of the tax rates related to class three property in the affected taxing jurisdictions did not rise to the level of a violation of the Equal Protection Clauses of the United States or New York Constitutions (see US Const, 14th Amend, § 1; NY Const, art I, § 11), as the alleged miscalculation did not amount to invidious discrimination (see Tax Equity Now NY LLC v City of New York, 42 NY3d at 28). In opposition, the plaintiff failed to raise a triable issue of fact.
With respect to the plaintiff's motion, the County defendants acknowledged a miscalculation of the ABP and tax rate for the 2016/2017 tax year. Thus, the plaintiff demonstrated, prima facie, that the County defendants' tax calculation for the 2016/2017 tax year failed to accurately reflect the demolition of the power plant (see RPTL 1803-a). In opposition, the County defendants failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment declaring that the County defendants' tax calculation for the 2016/2017 tax year failed to accurately reflect the demolition of the power plant.
However, the Supreme Court properly denied the remaining branches of the plaintiff's motion, regardless of the sufficiency of the County defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853), as the plaintiff failed to demonstrate, prima facie, that the County defendants miscalculated the class three tax shares and resulting tax rates for any other [*3]tax year (see RPTL 1803-a, 1803-b, 1805).
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for the entry of a judgment, among other things, making the appropriate declarations in accordance herewith (see Lanza v Wagner, 11 NY2d 317).
CONNOLLY, J.P., MILLER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court