Briguglio v FSP 787 Seventh, LLC (2025 NY Slip Op 05036)

Briguglio v FSP 787 Seventh, LLC

2025 NY Slip Op 05036

Decided on September 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 23, 2025

Before: Moulton, J.P., Mendez, O'Neill Levy, Michael, Chan, JJ. 

Ind No. Index No. 153230/21|Index No. 153230/21|Appeal No. 4718|Case No. Case No. 2024-06315|

[*1]Alfred Briguglio, etc., Plaintiff-Respondent,
v
FSP 787 Seventh, LLC, et al., Defendants-Appellants.

Kennedys CMK, LLP, New York (Stephanie Arefozl of counsel), for appellants.
Silbowitz Garafola Silbowitz & Schatz, LLP, Great Neck (Lora H. Gleicher of counsel), for respondent.

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered July 29, 2024, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
The motion court properly determined that the decedent's hearsay statements to plaintiff and plaintiff's expert identifying the cause and location of her accident were admissible on defendants' motion for summary judgment. These hearsay statements were corroborated by the testimony of the witness who was with the decedent when she fell; plaintiff's testimony regarding his own observations of the accident site; and photographs of the site after the accident, including a photo of the decedent pointing to the location where she fell (see Gardell v Arden Ave. Homeowners Assn., 228 AD3d 834, 836 [2d Dept 2024]; Kontorinakis v 27-10 30th Realty, LLC, 172 AD3d 835, 836 [2d Dept 2019]; see also Koren v Weihs, 201 AD2d 268, 269 [1st Dept 1994]).
Since the decedent's hearsay statements and corroborating evidence identified the alleged defect and provided sufficient facts and circumstances from which causation could be reasonably inferred (see Haibi v 790 Riverside Dr. Owners, Inc., 156 AD3d 144, 147 [1st Dept 2017]), defendants failed to demonstrate their prima facie entitlement to summary judgment (see Gardell, 228 AD3d at 835-836; Kontorinakis, 172 AD3d at 836). Accordingly, this Court need not consider the sufficiency of plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]), including plaintiff's expert's report opining that defendants' negligence in failing to remedy the alleged sidewalk defect was a proximate cause of the decedent's fall.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 23, 2025