M.F. v Putnam County (2025 NY Slip Op 07283)

M.F. v Putnam County

2025 NY Slip Op 07283

Decided on December 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
DEBORAH A. DOWLING
LILLIAN WAN
ELENA GOLDBERG VELAZQUEZ, JJ.

2024-02407
 (Index No. 501090/21)

[*1]M.F., appellant, 
v
Putnam County, et al., respondents, et al., defendants.

Herman Law, New York, NY (Jeffrey Herman, Stuart Mermelstein, Ameer Benno, Vanessa A. Neal, and Kyle Schiedo of counsel), for appellant.
Rutherford & Christie, LLP, New York, NY (Cassidy M. Brillhart and David S. Rutherford of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for negligence, the plaintiff appeals from an order of the Supreme Court, Putnam County (Victor G. Grossman, J.), dated March 5, 2024. The order granted the motion of the defendants Putnam County and St. Anne Institute for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendants Putnam County and St. Anne Institute for summary judgment dismissing the complaint insofar as asserted against them is denied.
The plaintiff commenced this action against, among others, the defendants Putnam County and St. Anne Institute (hereinafter SAI and, together with the County, the defendants) pursuant to the Child Victims Act (see CPLR 214-g) to recover damages for negligence. According to the plaintiff, she was repeatedly sexually abused by a teacher at SAI from March 2013 to July 2013 while placed there as a foster child by the County.
The defendants moved for summary judgment dismissing the complaint insofar as asserted against them, arguing, inter alia, that they had no notice of any alleged sexual abuse. By order dated March 5, 2024, the Supreme Court granted the defendants' motion. The plaintiff appeals.
"By assuming legal custody over [a] foster child, the applicable government official steps in as the sole legal authority responsible for determining who has daily control over the child's life" (Weisbrod-Moore v Cayuga County, _____ NY3d _____, _____, 2025 NY Slip Op 00903, *2). Therefore, "a municipality owes a duty to a foster child over whom it has assumed legal custody to guard the child from foreseeable risks of harm arising from the child's placement with the municipality's choice of foster [home]" (id. [internal quotation marks omitted]; see A.S. v Nassau County, 240 AD3d 920, 921; Lewis v County of Westchester, 238 AD3d 1019, 1021). "In order to find that a child care agency breached its duty to adequately supervise the children entrusted to its care, a plaintiff must establish that the agency had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated" (Grabowski v Orange County, 219 AD3d 1314, 1315 [internal quotation marks omitted]; see Adams v Suffolk County, 234 AD3d 1, 18; Lopez v City of New York, 172 AD3d 703, 705). "Where the complaint alleges negligent supervision due to injuries related to an individual's [*2]intentional acts, the plaintiff generally must allege that the entity knew or should have known of the individual's propensity to engage in such conduct, such that the individual's acts could be anticipated or were foreseeable" (Kwitko v Camp Shane, Inc., 224 AD3d 895, 896 [alteration and internal quotation marks omitted]; see Lewis v County of Westchester, 238 AD3d at 1021; MCVAWCD-DOE v Columbus Ave. Elementary Sch., 225 AD3d 845, 847).
Here, contrary to the Supreme Court's determination, the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them. The defendants' own submissions established that the plaintiff testified at a deposition that the alleged abuse occurred daily for several months from March 2013 to July of 2013 in a classroom at SAI both during and after school hours. In light of the frequency and location of the alleged abuse, the defendants did not eliminate a triable issue of fact as to whether they should have known of the alleged abuse (see Stanton v Longwood Cent. Sch. Dist., 233 AD3d 1010, 1014-1015; Sayegh v City of Yonkers, 228 AD3d 690, 692; MCVAWCD-DOE v Columbus Ave. Elementary Sch., 225 AD3d at 847-848; see also Hammill v Salesians of Don Bosco, 228 AD3d 738, 740).
Accordingly, the Supreme Court should have denied the defendants' motion, regardless of the sufficiency of the plaintiff's opposition papers (see T.F. v Clarkstown Cent. Sch. Dist., 238 AD3d 988, 990; Brown v Westchester County, 234 AD3d 812, 814; Kastel v Patchogue-Medford Union Free Sch. Dist., 234 AD3d 741, 744; see also Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
CHAMBERS, J.P., DOWLING, WAN and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court