HSBC Bank USA, N.A. v Baychu (2020 NY Slip Op 01911)





HSBC Bank USA, N.A. v Baychu


2020 NY Slip Op 01911


Decided on March 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2017-09281
 (Index No. 700450/16)

[*1]HSBC Bank USA, National Association, etc., respondent,
v
Alfred Baychu, et al., appellants, et al., defendants.


Alice A. Nicholson, Brooklyn, NY, for appellants.
Shapiro, DiCaro & Barak, LLC, Rochester, NY (Austin T. Shufelt of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Alfred Baychu and Leeta Baychu appeal from an order of the Supreme Court, Queens County (Ernest F. Hart, J.), dated July 10, 2017. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Alfred Baychu and Leeta Baychu and for an order of reference, and referred the matter to a referee to ascertain and compute the amount due to the plaintiff.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Alfred Baychu and Leeta Baychu and for an order of reference are denied.
For reasons set forth in Bank of N.Y. Mellon v Gordon (171 AD3d 197, 208-209), we find that the plaintiff failed to establish, prima facie, that the defendants Alfred Baychu and Leeta Baychu (hereinafter together the defendants) defaulted in the repayment of the subject loan. Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DILLON, J.P., AUSTIN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court