Carter v Nouveau Indus., Inc. (2020 NY Slip Op 05484)





Carter v Nouveau Indus., Inc.


2020 NY Slip Op 05484


Decided on October 7, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
BETSY BARROS, JJ.


2018-14609
2019-00185
 (Index No. 603789/13)

[*1]Helen Carter, plaintiff, 
v
Nouveau Industries, Inc., et al., defendants, Nouveau Elevator Industries, Inc., defendant third third-party plaintiff-appellant; Velis Associates, Inc., third third-party defendant-respondent (and a third-party and a second third- party action).


Hannum Feretic Prendergast & Merlino, LLC (Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success, NY [Jonathan P. Shaub], of counsel]), for defendant third third-party plaintiff-appellant.
Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, Brooklyn, NY (Randy S. Faust of counsel), for third third-party defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the third third-party plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Anna R. Anzalone, J.), entered November 21, 2018, and (2) an amended order of the same court entered December 18, 2018. The order and the amended order, insofar as appealed from, granted those branches of the third third-party defendant's motion which were pursuant to CPLR 3211(a)(5) to dismiss the third third-party complaint and pursuant to CPLR 3211(c) for summary judgment dismissing the third third-party complaint.
ORDERED that the appeal from the order is dismissed, as that order was superseded by the amended order; and it is further,
ORDERED that the amended order is reversed insofar as appealed from, on the law, and those branches of the third third-party defendant's motion which were pursuant to CPLR 3211(a)(5) to dismiss the third third-party complaint and pursuant to CPLR 3211(c) for summary judgment dismissing the third third-party complaint are denied; and it is further,
ORDERED that one bill of costs is awarded to the third third-party plaintiff.
Following the procedural events described in a related appeal (Carter v Nouveau Industries, Inc.,___ AD3d ___ [Appellate Division Docket No. 2017-07756; decided herewith]), the plaintiff filed an amended complaint, and Nouveau Elevator Industries, Inc. (hereinafter Nouveau), filed a third third-party complaint against Velis Associates, Inc., seeking common-law indemnification for damages arising from the plaintiff's products liability cause of action. Velis moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the third third-party complaint on the [*2]grounds of res judicata and collateral estoppel and pursuant to CPLR 3211(c) for summary judgment dismissing the third third-party complaint. In an order and an amended order, the Supreme Court, inter alia, granted these branches of Velis's motion. Nouveau appeals from both of these orders.
"Pursuant to the doctrine of res judicata, or claim preclusion, once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (Jacob Marion, LLC v Jones, 168 AD3d 1043, 1044 [internal quotation marks omitted]). "Collateral estoppel, or issue preclusion, a narrower species of res judicata, precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (id. at 1044 [internal quotation marks omitted]). Here, in light of our determination on the related appeal, Carter v Nouveau Industries, Inc. (___ AD3d ___), the doctrines of res judicata and collateral estoppel are inapplicable, as there was no "final conclusion" with respect to common-law indemnification, nor was the issue of common-law indemnification "decided against" Nouveau (Jacob Marion, LLC v Jones, 168 AD3d at 1044 [internal quotation marks omitted]). In light of the foregoing, we need not consider Nouveau's remaining arguments regarding the doctrines of res judicata and collateral estoppel.
Additionally, as Nouveau correctly contends, Velis did not demonstrate, prima facie, that it was entitled to summary judgment dismissing the third third-party complaint, and therefore, we need not consider Nouveau's opposition papers with respect to that branch of Velis's motion (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, we reverse the amended order insofar as appealed from.
DILLON, J.P., ROMAN, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court