Lewis v King (2020 NY Slip Op 06768)





Lewis v King


2020 NY Slip Op 06768


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2018-10861
 (Index No. 503757/15)

[*1]Charmaine Lewis, appellant, 
v
Thomas J. King, et al., defendants, City of New York, et al., respondents.


William Schwitzer & Associates, P.C., New York, NY (Howard R. Cohen of counsel), for appellant.
London Fischer LLP, New York, NY (Amy M. Kramer of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Lara J. Genovesi, J.), dated July 25, 2018. The order, insofar as appealed from, granted that branch of the motion of the defendants City of New York and Welsbach Electric Corp. which was for summary judgment dismissing the amended complaint insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants City of New York and Welsbach Electric Corp. which was for summary judgment dismissing the amended complaint insofar as asserted against them is denied.
On March 28, 2014, a motor vehicle accident occurred at the intersection of Flatbush Avenue and Avenue O in Brooklyn. The plaintiff was traveling west on Avenue O through the intersection when her vehicle was struck by a truck operated by the defendant Thomas J. King, who was traveling north on Flatbush Avenue. Both the plaintiff and King recall having a green light to enter the intersection when the accident occurred.
At the time of the accident, two employees of the defendant Welsbach Electric Corp. (hereinafter Welsbach) were repairing a four-way traffic signal hanging from a mast arm located at the southeast corner of the intersection. Both Welsbach employees testified at their deposition that the traffic signal they were repairing had been temporarily disconnected and was not functioning at the time of the accident, but that a second four-way traffic signal hanging from a mast arm located at the northwest corner of the intersection was operating properly. However, King testified at his deposition that he recalled seeing only one traffic signal at the southeast corner—the one that was in the process of being repaired—and that it was green as he approached the intersection.
The plaintiff commenced this action against, among others, Welsbach and the defendant City of New York (hereinafter together the Welsbach defendants) to recover damages for personal injuries. After the completion of discovery, the Welsbach defendants moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against them, arguing that the traffic signals at the intersection were working normally at the time of the accident and, therefore, [*2]the repair work being effected by the Welsbach employees could not have been a proximate cause of the accident. The Supreme Court granted the motion, and the plaintiff appeals.
We agree with the plaintiff that the Welsbach defendants' submissions in support of their motion, which included the conflicting deposition testimony of King and the two Welsbach employees, failed to eliminate triable issues of fact as to whether the traffic signal on the southeast corner was disconnected at the time of the accident, and whether the repair work being performed by the Welsbach employees was a proximate cause of the accident. Accordingly, the Supreme Court should have denied that branch of the Welsbach defendants' motion which was for summary judgment dismissing the amended complaint insofar as asserted against them, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr. , 64 NY2d 851, 853).
CHAMBERS, J.P., ROMAN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court