13 Harrison St. Condominium v Bleich (2022 NY Slip Op 03341)





13 Harrison St. Condominium v Bleich


2022 NY Slip Op 03341


Decided on May 24, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 24, 2022

Before: Renwick, J.P., Friedman, Gesmer, Mendez, Higgitt, JJ. 


Index No. 651188/19 Appeal No. 15988 Case No. 2021-02867 

[*1]13 Harrison Street Condominium, et al., Plaintiffs-Appellants,
v
Michael Bleich, et al., Defendants-Respondents. [And a Third-Party Action.]


Carter Ledyard & Milburn LLP, New York (Leonardo Trivigno of counsel), for appellants.
Lazare Potter Giacovas & Moyle LLP, New York (Robert A. Giacovas of counsel), for respondents.



Order, Supreme Court, New York County (W. Franc Perry, J.), entered on or about June 30, 2021, which, to the extent appealed from, denied in part plaintiffs' motion for summary judgment, and granted defendants/third-party plaintiffs Michael Bleich and Alexis Bleich's cross motion for summary judgment, in part, by dismissing the cause of action for a declaration that the Bleichs violated the condominium's certificate of occupancy by maintaining bedrooms and bathrooms in the cellar portion of their apartment, and an injunction directing them to bring their apartment into compliance, unanimously modified, on the law, to deny defendants' cross motion for summary judgment on the issue of their compliance with the certificate of occupancy and the declaration, and otherwise affirmed, without costs.
The court properly denied plaintiffs' motion for summary judgment, which sought a declaration that defendants' use of the cellar portion of their apartment violated the certificate of occupancy and the condominium's declaration. Plaintiffs have failed to establish that there are no questions of fact as to whether defendants' use of the cellar violates the certificate of occupancy. The court should also have denied defendants' cross motion for summary judgment on the issue of their compliance with the certificate of occupancy and the declaration (see Winegrad v New York Univ. Med. Ctr. , 64 NY2d 851, 853 [1985]). The cross motion only alleges that plaintiffs failed to make their prima facie showing, without defendants meeting their own burden on the issue of the cellar use. To the extent Michael Bleich contends, in his affidavit, that the Department of Buildings never fined the condominium for the way he was utilizing the cellar, the lack of such findings by that agency does not conclusively establish that the family's use of the cellar complied with the certificate of occupancy. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 24, 2022