Sarago v Iroquois Fence, Inc. (2022 NY Slip Op 03654)

Sarago v Iroquois Fence, Inc.

2022 NY Slip Op 03654

Decided on June 3, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, AND WINSLOW, JJ.

515 CA 21-00489

[*1]JOSEPH SARAGO, PLAINTIFF-RESPONDENT,
v
IROQUOIS FENCE, INC., DEFENDANT-RESPONDENT, ISKALO DEVELOPMENT CORP. AND ISKALO REAL ESTATE PARTNERSHIP, DEFENDANTS-APPELLANTS. 
ISKALO DEVELOPMENT CORP. AND ISKALO REAL ESTATE PARTNERSHIP, THIRD-PARTY PLAINTIFFS-APPELLANTS,
v
JANITRONICS, INC., THIRD-PARTY DEFENDANT-RESPONDENT. 

SUGARMAN LAW FIRM, LLP, SYRACUSE (JENNA W. KLUCSIK OF COUNSEL), FOR DEFENDANTS-APPELLANTS AND THIRD-PARTY PLAINTIFFS-APPELLANTS.
LEWIS & LEWIS, P.C., BUFFALO (ADAM DELLEBOVI OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 
LAW OFFICES OF DESTIN C. SANTACROSE, BUFFALO (RICHARD S. POVEROMO OF COUNSEL), FOR DEFENDANT-RESPONDENT.
HURWITZ & FINE, BUFFALO (STEVEN E. PEIPER OF COUNSEL), FOR THIRD-PARTY DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (E. Jeannette Ogden, J.), entered March 26, 2021. The order, among other things, denied the motion of defendants-third-party plaintiffs for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries allegedly sustained when he was hit on the head by a falling piece of fencing that had been sold and installed by defendant Iroquois Fence, Inc. (Iroquois Fence). The incident occurred while plaintiff was on property owned by defendants-third-party plaintiffs Iskalo Development Corp. and Iskalo Real Estate Partnership (defendants). Defendants asserted a cross claim against Iroquois Fence for contribution and indemnification, and commenced a third-party action against plaintiff's employer, third-party defendant Janitronics, Inc., for, inter alia, contractual indemnification. Defendants now appeal from those parts of an order that denied their motion for summary judgment dismissing the complaint and cross claims against them and for summary judgment on their cross claim against Iroquois Fence and on their third-party cause of action for contractual indemnification against Janitronics, Inc. We affirm. Contrary to their contention, defendants failed to meet their initial burden of establishing entitlement to judgment as a matter of law dismissing plaintiff's negligence cause of action against them (see generally Winegrad v New York Univ. Med. Ctr. , 64 NY2d 851, 853 [1985]). "It is well established that a party cannot obtain summary judgment 'by pointing to gaps in its opponent's proof' " (Frank v Price Chopper [*2]Operating Co. , 275 AD2d 940, 941 [4th Dept 2000]). We have reviewed defendants' remaining contentions and conclude that none warrants modification of the order.
Entered: June 3, 2022
Ann Dillon Flynn
Clerk of the Court