Gaughan v Russo (2024 NY Slip Op 03082)

Gaughan v Russo

2024 NY Slip Op 03082

Decided on June 06, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 06, 2024

Before: Webber, J.P., Oing, Kapnick, Rosado, Michael, JJ. 

Index No. 101600/17 Appeal No. 2447 Case No. 2023-03287 

[*1]Aylin Gaughan, Plaintiff-Appellant,
v
Michael Joseph Russo, Defendant-Respondent.

Aylin Gaughan, appellant pro se.
Thomas Torto, New York, for respondent.

Order, Supreme Court, New York County (Lucy Billings, J.), entered July 5, 2023, which, insofar as appealed from, granted plaintiff's motion for summary judgment to the extent of awarding plaintiff $4,723 plus interest from April 27, 2019 at 9% per year, denied plaintiff's motion to amend the complaint, and denied defendant's motion for summary judgment to dismiss the complaint, unanimously modified, on the law and the facts, plaintiff's motion for summary judgment denied in its entirety, the denial of plaintiff's motion to amend the complaint vacated, and the matter remanded for further proceedings in accordance with this decision, and otherwise affirmed, without costs.
Issues of fact exist as to whether defendant owes plaintiff more than $4,723 (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Defendant submitted proof that he made $25,277 in payments under the subject promissory note. Even if this number were undisputed, defendant would owe plaintiff $5,923 not $4,723 because the note included an admitted total obligation of $31,200. Plaintiff's opposition also raised issues of fact as to whether the promissory note only represented a portion of the debt remaining when it was made; whether the payments purportedly made were actually received by plaintiff in accounts belonging to her; and whether the storage unit payments actually inured to her benefit.
Issues of fact also exist as to whether plaintiff's fraud and quasi-contract claims were duplicative of her breach of contract claim, as these claims could have stemmed from extra-contractual representations or debt to the extent these are found to exist (see IIG Capital LLC v Archipelago, L.L.C., 36 AD3d 401, 404-405 [1st Dept 2007]). Since the motion court did not address the unjust enrichment and intentional infliction of emotional distress claims, we remand for a determination of their merit (see Wang v Marano, 225 AD3d 460, 460 [1st Dept 2024]). Similarly, plaintiff's motion for leave to amend is remanded for a determination of its merit.
However, the motion court correctly held that the promissory note did not include any promise to pay plaintiff's medical expenses; that, by plaintiff's own admission, defendant was only obligated to pay her cell phone and vet bills until the debt was repaid; and that the promises to pay extra "as I can" or "when possible" were illusory and unenforceable (see Lend Lease [US] Constr. LMB Inc. v Zurich Am. Ins. Co., 28 NY3d 675, 684 [2017]). Plaintiff's objection to the HSBC check is also unavailing, as it was not included in the amount purportedly repaid.
In view of the foregoing, we need not reach the parties' arguments with respect to prejudgment interest.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 6, 2024