Rezza v Xiao B. Chen (2025 NY Slip Op 01961)

Rezza v Xiao B. Chen

2025 NY Slip Op 01961

Decided on April 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
DEBORAH A. DOWLING
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2024-01048
 (Index No. 523862/22)

[*1]Robert Rocco Rezza, appellant, 
v
Xiao B. Chen, et al., respondents.

Nicholas Martino, Jr., Staten Island, NY, for appellant.
Cheven Keely & Hatzis (Thomas Torto, New York, NY, of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ingrid Joseph, J.), dated September 14, 2023. The order denied the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with costs.
A vehicle operated by the defendant Xiao B. Chen (hereinafter the defendant driver) and owned by the defendant Vector Port Service, Inc., came into contact with the rear of a vehicle operated by the plaintiff. The accident occurred on the eastbound side of the Verrazzano-Narrows Bridge.
The plaintiff commenced this action against the defendants to recover damages for personal injuries. The plaintiff subsequently moved for summary judgment on the issue of liability, contending that the defendant driver was negligent in coming into contact with the rear of the plaintiff's vehicle. The Supreme Court denied the plaintiff's motion. The plaintiff appeals.
"A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision" (Yearwood v New York City Tr. Auth., 227 AD3d 843, 844-845 [internal quotation marks omitted]; see Martin v PTM Mgt. Corp., 214 AD3d 782, 782-783). "A nonnegligent explanation may include that a vehicle made a sudden lane change in front of a defendant's vehicle, forcing the defendant to stop suddenly" (Despinos-Cadet v Stein, 209 AD3d 978, 980 [internal quotation marks omitted]; see Flood v Fillas, 190 AD3d 828, 829).
Here, in support of his motion, the plaintiff submitted, inter alia, transcripts of his and the defendant driver's depositions, which presented conflicting evidence as to how the accident occurred. Viewing the evidence in the light most favorable to the defendants as the non-moving parties, triable issues of fact exist as to whether the defendant driver had a nonnegligent explanation for coming into contact with the rear of the plaintiff's vehicle (see Balanta v Guo Lin Wu, 220 AD3d 720; Cruz v Valentine Packaging Corp., 167 AD3d 707, 708; Merino v Tessel, [*2]166 AD3d 760, 760-761). Contrary to the plaintiff's contention, any inconsistencies in the defendant driver's deposition testimony raised an issue of credibility that must be resolved by the factfinder (see Cruz v Valentine Packaging Corp., 167 AD3d at 709).
Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability without regard to the sufficiency of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DILLON, J.P., DOWLING, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court