# Public Admr. of Bronx County v New York City Health & Hosps. Corp.

2025 NY Slip Op 32272(U)

June 25, 2025

Supreme Court, New York County

Docket Number: Index No. 452724/2021

Judge: Arthur F. Engoron

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:     HON. ARTHUR F. ENGORON                    PART                    37
                                            *Justice*

-----------------------------------------------------------------X

PUBLIC ADMINISTRATOR OF BRONX COUNTY AS THE          INDEX NO.          452724/2021
ADMINISTRATOR OF THE ESTATE OF WILLIE STACY,
DECEASED,                                            MOTION DATE        01/17/2025

                                  Plaintiff,         MOTION SEQ. NO.        004

                    - v -

NEW YORK CITY HEALTH AND HOSPITALS                   **DECISION + ORDER ON**
CORPORATION,                                                **MOTION**

                                  Defendant.

-----------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 004) 188, 189, 190, 191,
192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212,
213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

Upon the foregoing documents, and for the reasons stated hereinbelow, defendant's motion for
summary judgment is denied.

Background

This medical malpractice action arises out of treatment that defendants New York City Health
and Hospitals Corporation rendered to decedent, Willie Stacy, from September 20, 2018 to
October 25, 2018. NYSCEF Doc. Nos. 1, 198. On September 20 and 25, 2018, the decedent
suffered seizures. NYSCEF Doc. Nos. 191, 222. On October 25, 2018, decedent was discharged
into hospice care at Goldcrest Care Center, and he passed away on the same day. NYSCEF Doc.
No. 1.

On September 3, 2019, plaintiff, Public Administrator of Bronx County as The
Administrator of the Estate of Willie Stacy, commenced the instant action, asserting two causes
of action: (1) negligence and (2) wrongful death. NYSCEF Doc. No. 1. Plaintiff alleges, inter
alia, that defendants negligently failed to prevent and treat decedent's pressure ulcers and that, as
a result, decedent sustained injuries, such as infections and sores that led to his death. Id.

On October 14, 2022, Justice Erika Edwards granted in part defendant's motion to strike
pleadings, precluding plaintiff from including allegations in its Supplemental Bill of Particulars,
or in any subsequent Supplemental Bill of Particulars, that were not previously alleged in its
Complaint or Notice of Claim. NYSCEF Doc. No. 84. Justice Edwards specifically barred:

a. allegations of intentional or fraudulent conduct related to nurses intentionally making false or inaccurate entries in the Decedent's medical records which were motivated by efforts to avoid Medicaid or Medicare reimbursement rules, however the court denies Defendants' request to preclude Plaintiffs from introducing evidence at trial about the motives for nurses making incorrect or inconsistent entries in the Decedent's medical records, as such ruling would be premature; and

b. allegations of failure to properly treat Decedent's diarrhea, influenza A, ESBL and pneumonia.

On December 18, 2023, Justice Edwards denied plaintiff's motion for summary judgment, holding, inter alia, that plaintiff's expert (a nurse) was "not competent" to opine as an expert in the instant action as they are not a duly licensed physician. NYSCEF Doc. No. 181.

Defendant now moves, pursuant to CPLR 3212, for summary judgment dismissing the complaint or, in the event that the court does not grant summary judgment in its entirety, granting partial summary judgment dismissing plaintiff's claims for wrongful death. NYSCEF Doc. Nos. 188, 189.

In support, defendant submits an affirmation of medical expert, Dr. Alan Pollock, M.D., opining, inter alia, that decedent's condition had significantly deteriorated by the time of his admission and that decedent's death "resulted from consequences of his bacteremic urinary tract infection, multiple organ failure, multiple comorbidities, but not from pressure ulcers." NYSCEF Doc. No. 190. Dr. Pollock further opines that more frequent turning and positioning by hospital staff would not have had any significant effect on [decedent's] skin breakdown. Additionally, Pollock opines that decedent "was already in end-stage renal failure on hemodialysis when he was admitted to Harlem Hospital. As such, he was at risk for septic shock from a UTI not as a result of any departure in care but as a condition of the decedent's end stage renal failure with hemodialysis." Id.

Pollock further opines that: decedent was "treated in accordance with the applicable standards of care" as "[p]roper topical treatments were administered for these wounds, and their failure to heal was attributable to [decedent's] overall deteriorating condition"; that plaintiff's assertion that decedent's skin wounds became infected or caused sepsis is unsupported by the medical records; and that the acute cause of decedent's death was "septic shock due to an E. coli urinary tract infection." Id.

In opposition, plaintiff argues that there are issues of fact and cites Justice Edwards' December 18, 2023 Decision denying summary judgment. Plaintiff submits, inter alia, an expert affidavit from Dr. Alan J. Stein, a board-certified attending physician at The Brooklyn Hospital Center with a subspeciality certification in Infectious Diseases, who states, similarly to Dr. Pollock, that decedent died from a urinary tract infection which progressed to sepsis and septic shock. NYSCEF Doc. No. 219. According to Dr. Stein, permitting said urinary tract infection to occur was a departure from standard care, as the nursing staff, "has the responsibility of ... turning

**452724/2021  PUBLIC ADMINISTRATOR OF BRONX COUNTY, ET AL vs. NEW YORK CITY HEALTH AND HOSPITALS CORPORATION**
**Motion No. 004**

**Page 2 of 4**

[* 2]

2 of 4

patients every two (2) hours regardless of their position and keeping the patients clean after bowel movements." Id. Dr. Stein further notes that decedent was allowed to lay in his own urine and fecal matter, which is known to cause not only pressure ulcers, which he eventually went on to develop in his sacral area, but urinary infections, which he developed and both experts agree caused his death from septic shock. Id.

In reply, defendant argues that plaintiff's opposition impermissibly and fatally relies upon claims precluded in the court's October 14, 2022 Decision and Order, which "clearly delineates 'allegations of failure to properly treat Decedent's diarrhea as a precluded claim. NYSCEF Doc. No. 215.

Discussion

Pursuant to CPLR 3212, "[t]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case." Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 (1985).

> A defendant in a medical malpractice action establishes prima facie entitlement to summary judgment by showing that in treating the plaintiff, he or she did not depart from good and accepted medical practice, or that any such departure was not a proximate cause of the plaintiff's alleged injuries. Once a defendant meets that burden, the plaintiff must rebut the prima facie showing via medical evidence attesting that the defendant departed from accepted medical practice and that such departure was a proximate cause of the injuries alleged.

> Generally, the opinion of a qualified expert that a plaintiff's injuries were caused by a deviation from relevant industry standards would preclude a grant of summary judgment in favor of the defendants. To defeat summary judgment, the expert's opinion must demonstrate the requisite nexus between the malpractice allegedly committed and the harm suffered.

Anyie B. v Bronx Lebanon Hosp., 128 AD3d 1, 3 (1st Dept 2015) (internal citations and quotation marks omitted).

Here, there is clearly a dispute between plaintiff's expert, Dr. Stein, who opines that patients need to be turned every two hours, and defendant's expert, Dr. Pollock, who says that they do not need to be turned every two hours. NYSCEF Doc. Nos. 190 and 219. The question then becomes whether plaintiff's opposition improperly relies upon a precluded claim.

Defendant relies on the fact that Justice Edwards' October 14, 2022 Decision expressly barred "allegations of failure to properly treat Decedent's diarrhea, influenza A, ESBL and pneumonia," which, defendant argues, is essentially what Dr. Stein alleges when he affirms that decedent contracted E. Coli because his penile meatus was exposed to human stool. However, the claim

**452724/2021  PUBLIC ADMINISTRATOR OF BRONX COUNTY, ET AL vs. NEW YORK CITY
HEALTH AND HOSPITALS CORPORATION
Motion No. 004**                                                  **Page 3 of 4**

3 of 4

that Justice Edwards precluded is alleged negligence in defendant's treatment of decedent's diarrhea, not whether bacteria found in decedent's stool caused his infection, which subsequently led to septic shock.

Defendant's request, in the alternative, for summary judgment dismissing plaintiff's wrongful death cause action should be denied, as the alleged negligence in this case could potentially have led to decedent's death and, therefore, is a question of fact to be addressed at trial.

Thus, the motion for summary judgement should be denied as to both causes of action. Diaz v NYU Langone Med. Ctr., 192 AD3d 534, 536 (1st Dept 2021) ("dueling expert opinions raise issues of fact and credibility that cannot be resolved on a motion for summary judgment.").

This Court has considered defendant's other arguments and finds them to be unavailing and/or non-dispositive.

Conclusion
Thus, the motion by defendant, New York City Health and Hospitals Corporation, for summary judgment is hereby denied.

6/25/2025
DATE

ARTHUR F. ENGORON, J.S.C.

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | | GRANTED | X DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

452724/2021  PUBLIC ADMINISTRATOR OF BRONX COUNTY, ET AL vs. NEW YORK CITY
HEALTH AND HOSPITALS CORPORATION
Motion No. 004

Page 4 of 4

4 of 4

[* 4]