Godwin v Ricapito (2025 NY Slip Op 05671)

Godwin v Ricapito

2025 NY Slip Op 05671

Decided on October 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
LILLIAN WAN, JJ.

2024-06186
 (Index No. 518349/20)

[*1]Adebowale Godwin, appellant-respondent, 
v
Thomas Ricapito, et al., respondents-appellants, et al., defendants.

Elefterakis Elefterakis & Panek, New York, NY (Oliver R. Tobias of counsel), for appellant-respondent.
Joseph R. Crafa, P.C., Garden City, NY, for respondents-appellants.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, and the defendants Thomas Ricapito and Keyspan Energy Corporation cross-appeal, from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated March 11, 2024. The order, insofar as appealed from, denied that branch of the plaintiff's cross-motion which was for summary judgment on the issue of liability against the defendants Thomas Ricapito and Keyspan Energy Corporation. The cross-appeal was deemed dismissed pursuant to 22 NYCRR 1250.10(a).
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against, among others, the defendants Thomas Ricapito and Keyspan Energy Corporation (hereinafter Keyspan, and together with Ricapito, the defendants) to recover damages for personal injuries he alleged he sustained in July 2020, when he was a passenger in a vehicle that collided with a vehicle operated by Ricapito and owned by Keyspan, at the intersection of Richmond Avenue and Victory Boulevard in Staten Island. Following discovery, the defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. The plaintiff cross-moved, among other things, for summary judgment on the issue of liability against the defendants. The defendants opposed. In an order dated March 11, 2024, the Supreme Court, inter alia, denied that branch of the plaintiff's cross-motion. The plaintiff appeals.
"'A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries'" (Arnold v Shepitka, 231 AD3d 1105, 1106, quoting Garutti v Kim Co Refrig. Corp., 222 AD3d 728, 728-729).
Although a "driver with the right-of-way is entitled to assume that other drivers will obey the traffic laws requiring them to yield, the driver with the right-of-way also has an obligation to keep [a] proper lookout and see what can be seen through the reasonable use of his or her senses to avoid colliding with other vehicles" (Walker v Joseph, 238 AD3d 805, 806 [internal quotation [*2]marks omitted]). However, "'a driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield is not comparatively negligent for failing to avoid the collision'" (Yongyong Zhu v Shrestha, 229 AD3d 844, 845, quoting Jeong Sook Lee-Son v Doe, 170 AD3d 973, 974).
Here, the plaintiff's submissions failed to establish his prima facie entitlement to judgment as a matter of law on the issue of liability as against the defendants. In support of his motion, the plaintiff submitted, among other things, a transcript of Ricapito's deposition testimony, dashcam footage of the collision, and an affirmation of an expert. These submissions failed to eliminate all triable issues of fact as to whether Ricapito's speed was a proximate cause of the collision (see Higgins v Miles, 238 AD 861, 863; Jones v Xianghong Tang, 237 AD3d 918, 918). Moreover, the affirmation of the plaintiff's expert was conclusory and speculative (see Arnold v Shepitka, 231 AD3d at 1105; Wass v County of Nassau, 166 AD3d 1052, 1053).
Accordingly, the Supreme Court properly denied that branch of the plaintiff's cross-motion which was for summary judgment on the issue of liability against the defendants, without regard to the sufficiency of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The defendants' remaining contention need not be reached in light of our determination.
DUFFY, J.P., MILLER, CHRISTOPHER and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court